## MERKLE *vs.* THE STATE.

[INDICTMENT FOR SELLING LIQUOR TO STUDENT OF COLLEGE.]

1. *Opinion of witness, admissibility of.*—A witness who has frequently drunk fermented liquors, and who can distinguish them by their taste, though he has no special knowledge of chemistry, is competent to express an opinion on the question, whether lager beer is or is not a fermented liquor.

2. *Books of science, admissibility of.*—Extracts from standard medical books are competent evidence, and may be read to the jury.

3. *What constitutes offense of selling liquor to student or minor.*—The statute prohibiting the sale or delivery of liquor to students or minors, (Code, §§ 3280–81,) applies to fermented liquors as well as to vinous or spirituous liquors.

FROM the Circuit Court of Perry.

Tried before the Hon. PORTER KING.

IN this case, Luther Merkle and William H. Redding were jointly indicted for selling liquor to a student of Howard college, in the town of Marion, and were jointly tried. On the trial, as the bill of exceptions shows, the State first introduced as a witness one Pollard, the student to whom the liquor was sold, and who testified to the fact that, within the period covered by the indictment, he bought a glass of lager beer from the defendant Merkle, who was acting as clerk or agent for his co-defendant, in a confectionary store belonging to the latter. The State then introduce done Thornton as a witness, who testified, "that he was professor of chemistry in Howard college; that the fermentation of organic bodies is one of the sub-

jects treated of in chemistry ; that he had studied that subject in the different books on chemistry, and was theoretically acquainted with it, but had no practical knowledge of the process of fermentation, or the art of brewing ; that he had drunk lager beer at various places, and in the store of the defendant Redding ; and that he was acquainted with the taste of fermented liquors, from having frequently drunk liquors which were fermented." On this state of facts, the court allowed the witness, against the objection of the defendant Merkle, to state that, "in his opinion, lager beer is a fermented liquor;" to which said Merkle excepted. Said witness afterwards testified, on cross-examination, "that he knew nothing of the fermentation of liquors, except what he had read in books on the subject; that he was not a brewer, and knew nothing whatever, practically, of the fermentation of liquors ; that all he knew on the subject was theoretical, and derived from books; that in speaking on the subject, he had only given, and could only give, the contents thereof, so far as he knew the same ; that the books themselves, if in court, would be better evidence than his testimony, because he could not use such language as was used in them, and could not recollect all that was therein stated on the subject ; that his knowledge of chemistry did not aid him in reference to knowledge acquired by tasting said beer ; and that one not acquainted with chemistry could judge of said beer, by the taste, as well as he." On these facts, the defendant Merkle moved the court to exclude from the jury the opinion of the witness above stated, and reserved an exception to the overruling of his objection. The State afterwards read in evidence to the jury an extract from the "United States Dispensatory," by Wood & Burke, on the subject of vinous and fermented liquors ; having first proved, by the testimony of a practicing physician, "that said book was recognized by the medical profession as good authority on all subjects therein treated of;" and to the admission of this extract as evidence the defendant Merkle excepted. The court charged the jury, among other things,

"that, if they believed the beer sold to said Pollard was a fermented liquor, it would be their duty to find said Merkle guilty, whether said beer would intoxicate or not;" to which charge said Merkle reserved an exception.

BROOKS & GARROTT, for the defendant.
M. A. BALDWIN, Attorney-General, *contra.*

R. W. WALKER, J.—It may be admitted, that the bill of exceptions excludes the idea, that the witness Thornton was at all aided by his knowledge of chemistry, in the formation of his opinion that lager beer is a fermented liquor. It is shown, however, that he had frequently drunk fermented liquors, and that he was able to distinguish, by their taste, liquors which have undergone the process of fermentation. We hold, that such a witness, even though he may have no special knowledge of the science of chemistry, may be permitted to testify, that a particular liquor, which he has tasted, is, or is not, fermented. The answer to the question, whether a liquor has gone through the process of fermentation, does not necessarily demand a knowledge of chemical science, but is usually determinable by the senses; and consequently, the judgment of ordinary persons, having an opportunity of personal observation, and of forming a correct opinion, is admissible.—*McCreary v. Turk*, 29 Ala. 245; *Wilkinson v. Mosely*, 30 Ala. 572; *Ward v. Reynolds*, 32 Ala. 384; *Pullman v. Corning*, 14 Barb. 174, 181.

[2.] The book, a portion of which was read in evidence, was shown to be a standard medical work; and under the rule adopted in *Stoudenmeier v. Williamson*, (29 Ala. 558,) the objection to the extract as evidence was properly overruled.

[3.] Under sections 3280 and 3281 of the Code, it is not necessary to the conviction of the defendant, that the liquor sold, delivered or given to a student or minor, should be intoxicating. The prohibitions of these sections extend to any fermented liquor which is commonly used as a bev-

erage. There was, therefore, no error in the charge of the court.

Judgment affirmed.