# Robinson *v.* The State.

## *Assault with Intent to Murder.*

1.  *Assault with intent to murder; province of jury as to.*—Unnecessary force or rudeness while ejecting defendant from the cars, may deprive an assault then made, upon a person engaged in putting him off, of its felonious character ; but whether the provocation was adequate to that end, is for the jury to determine under the evidence, and a charge which withdraws that question from them, is properly refused.

2.  *Verdict, form of; what sufficient.*—A verdict as follows :  "*We, the jury, find guilty, as charged in the indictment,*" returned by a jury, duly sworn and charged with the trial of a sole defendant for an assault with intent to murder, will authorize sentence for that offense, although the verdict does not expressly mention who is found guilty.

· APPEAL from Circuit Court of Madison.

Tried before Hon. LOUIS WYETH.

The appellant was tried for and convicted of an assault with intent to murder, committed upon one Blount McCrary, under the following circumstances :

Defendant was on a train, and, having no ticket, was ordered by the brakesman (Blount McCrary) to get off the train.   Upon the train slacking up, without waiting for it to stop, he jumped off, and when the "caboose" passed ,him, the conductor threw "some small article" at him, and, thereupon, he drew his pistol and fired at the brakesman, who

was on top of the cars, three times. This was all the evidence. The defendant requested the following charges: "1st. That if the jury believe from the evidence that the defendant was stricken after he was put off the car, before the shooting by him, that this was such a provocation as would reduce his offense, if any offense, to a misdemeanor, and that he can only be convicted of an assault." "3d. That if the jury believe from the evidence that unnecessary force and rudeness were used in putting the defendant off the car, and after he was off, and before the shooting, that such unnecessary force and rudeness would constitute a provocation that would reduce the offense of the defendant to a misdemeanor." Both of these charges were refused, and an exception taken to the refusal. The jury returned the following verdict: "We, the jury, find guilty, as charged in the indictment;" and upon this verdict, the court sentenced the defendant to two years' hard labor for the county. The charges refused, and passing sentence upon the verdict, are now assigned as error.

DAVID P. LEWIS, for appellant, cited Wharton on Homicide, 2d edition, § 398; *Holmes v. Wood*, 6 Mass. 1.

JOHN W. A. SANFORD, Attorney General, *contra*.

MANNING, J.—The fault in the two charges requested by the defendant and refused by the court, upon which errors are assigned, was, that, instead of instructing the jury that they should consider the evidence concerning provocation of the defendant, for the purpose of determining whether the shooting by him was not done in heat of blood, without malice aforethought, and whether the offense was not thereby reduced to a misdemeanor, they are so framed as to make the court decide and instruct the jury that the provocation, if proved, did have that effect. No matter what the rudeness of the conductor toward defendant may have been, if the evidence showed that the latter was actuated by malice or revenge for being put off a train, where he had no right to be, in shooting at another person, a brakesman, and not by the conductor's supposed maltreatment of him after he was put off, the provocation would not reduce the offense to one of less criminality. The instructions requested were, therefore, properly refused.

The only other error assigned is that the judgment and sentence are not founded on a sufficient verdict. The record recites that on the 25th day of July, a day of the term of the court, came the solicitor, who prosecuted for the State,

[Davis v. The State.]

and came also the defendant, in his own proper person, as well as by attorney, and that being put at the bar, and hearing the bill of indictment in this cause read to him, he pleaded not guilty thereto, whereupon a jury came, to-wit, &c., "who, being duly elected, empanneled, sworn and charged according to law, upon their oaths do say: 'We, the jury, find guilty, as charged in the indictment;'" who was found guilty not being expressly mentioned.

The jury being sworn according to law, were under oath *well and truly to try the issue joined, and a true verdict to render according to the evidence.* The issue was whether or not the defendant was guilty; to which the jury, under their oath, responded, "guilty, as charged in the indictment."

It is not at all uncommon for juries, in open court, in criminal causes, when asked what their verdict is, if it be against defendant, to answer orally, through their foreman, "guilty;" and this is received as sufficient. It does not become less so by being written down and read out, instead of being merely spoken, and the addition to it of the words, "as charged in the indictment," prevents any misunderstanding of it, or ambiguity.

It is matter of regret that, through inattention of those whose duty of supervision should prevent it, little defects in the records, like the one last considered, are so often presented, to be taken advantage of upon appeals to this court, increasing the costs to parties, and sometimes protracting the punishment of defendants.

The judgment of the court below is affirmed, and must be executed according to law.