# Dunn *v.* The State.

### Indictment for Murder.

1. *Change of venue ; destruction of certified transcript, and how supplied.*—On change of venue in a criminal case (Code of 1876, §§ 4914-16), if the certified transcript should be lost or destroyed, after it has been filed in the court to which the trial was removed, that court may supply the loss, and substitute another transcript, on proper evidence, as in the loss or destruction of any other paper or record: it is not necessary that the substituted transcript should be made out in return to a *certiorari*, nor that it should be specially certified as the former was: if its truth is not controverted, and the court is satisfied of its correctness, it is sufficient.

FROM the Circuit Court of Walker, on change of venue from Tuskaloosa.

Tried before the Hon. WM. S. MUDD.

The prisoner in this case, John Dunn, was indicted in the Circuit Court of Tuskaloosa, at its November term, 1876, for the murder of Jasper N. Dunn. On his application, at the next May term, 1877, the venue was changed to Walker county; and a certified transcript of the indictment, with the proceedings had in the cause, was filed in the office of the clerk of the Circuit Court of that county, on or about the 1st July, 1877. A short time afterwards, the court-house of that county was burned, and with it said transcript was

destroyed. At the September term, 1877, on the day appointed for the trial, when the cause was called, the defendant filed three special pleas, on account of certain alleged defects in the certified transcript which, as the pleas assert, had been that day filed in the court, as the transcript on which he was to be tried. The court sustained a demurrer to each of these pleas, and the cause being then continued, at the instance of the defendant, on account of the absence of material witnesses, the minute-entry further proceeds : "Thereupon, comes the solicitor who prosecutes in this behalf for the State, and also comes the defendant in his own proper person, and also by counsel ; and in view of the objections made to the transcript now filed in this cause, and to the special pleas pleaded by the defendant, and in order to obviate said objections made to said transcript, and a question arising on said pleas when this cause shall be again called for trial, the said solicitor now moves the court for an order requiring the clerk of the Circuit Court of Tuskaloosa to make out and transmit to this court another transcript in this cause, by the next term of this court ; said transcript to be made out, certified, and transmitted, as required by section 4209 of the Revised Code. And it appearing that the said circuit clerk of Tuskaloosa did, on or about the —— day of June, 1877, make, out and transmit to this court a duly certified transcript in this cause, pursuant to an order of the Circuit Court of Tuskaloosa, made at its Spring term, 1877, by which the venue in this cause was changed to this court; and it further appearing that said transcript was received and filed by the clerk in this court, and that the court-house of this county was afterwards destroyed by fire, and that said transcript, and the papers filed therewith in this cause, were destroyed by the burning of said court-house ; it is therefore ordered that the said motion of the solicitor be granted, and that the circuit clerk of Tuskaloosa make out another transcript," &c.

At the next ensuing term, held in March, 1878, the judgment-entry recites the appearance of the parties, and then proceeds thus : "And it being shown to the satisfaction of the court, by due proof, that the clerk of the Circuit Court of Tuskaloosa has, in the manner required by law, transmitted to this court an amended and more perfect transcript of the record and proceedings had in this case in said Circuit Court of Tuskaloosa, duly certified by said clerk, as required by an order of this court made at its last term, which transcript was delivered to the clerk of this court, and by him filed, on the 4th day of March, 1878; the said solicitor now moves the court that said amended and perfected tran-

script be substituted as the proper transcript in this case, in lieu and in place of the transcript which was transmitted and delivered to the clerk of this court before the last term thereof, and which was on file in this cause at the last term, and that said defendant be held to answer to the copy of the indictment set forth and contained in said amended transcript, and that he be put on his trial on the same; which motion of the solicitor was granted by the court."

The bill of exceptions, taken at that term of the court, states that, "upon the calling of the cause, for the purpose of setting a day for the trial, the solicitor for the State presented the following transcript, as the proper transcript on which to put the defendant on his trial in this court. And said defendant thereupon objected to be tried thereon, because, 1st, he says, that the certificate of the clerk, appended thereto, does not certify that said transcript contains a true and correct transcript of the organization of the grand jury, the indictment, and all indorsements thereon, and the orders of the court made in said cause; and, 2d, because said certificate does not certify that the original subpœnas were contained in the package, nor that they were forwarded or delivered in the same manner as the transcript in said cause." The court overruled these objections, and the defendant excepted. On a subsequent day of the term, being put on his trial, the defendant filed two pleas in abatement, setting up substantially the same grounds of objection to the transcript as above stated; and demurrers to these pleas having been sustained by the court, he went to trial on the plea of not guilty.

Of the two transcripts above mentioned, the first is dated the 28th August, 1877, and is in these words: "I certify that the foregoing pages, numbered from one to eighteen inclusive, contain a full, true, and correct transcript of all the papers and proceedings, together with the orders and judgments of the Circuit Court of Tuskaloosa county, had and made in the above entitled cause, and now recorded in the office of the clerk of said court, which office I now fill. Given under my hand," &c. This transcript was filed in the Circuit Court of Walker on the 1st September, 1877, and so indorsed by the clerk. The certificate appended to the last (or amended) transcript, which is dated the 14th February, 1878, is as follows: "I, John J. Harris, clerk," &c., "hereby certify that the foregoing pages, numbered from one to twelve inclusive, contain a full and complete transcript of all the papers and proceedings on file and of record in my office, in a cause known as *The State of Alabama v. John Dunn;* that said defendant, by application and affidavit, ob-

tained a change of venue from Tuskaloosa to Walker county, and that the orders of the Hon. Circuit Court concerning the change of venue have been fully carried out. Given under my hand," &c.

S. A. M. WOOD, for the prisoner.

JOHN W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The order removing the trial to the Circuit Court of Walker county, having been made and entered of record, by the Circuit Court of Tuskaloosa county, in which the indictment was found, the jurisdiction of the latter court was exhausted; and the jurisdiction of the former attached, when a transcript of the record of the proceedings in the Tuskaloosa Circuit Court was made and certified in conformity to the statute, and delivered to the clerk of the Circuit Court of Walker.—Code of 1876, §§ 4914-16. The subsequent destruction of the transcript, by the burning of the court-house, did not affect the jurisdiction of the Circuit Court of Walker. The transcript had become a record of that court, and the court had power to substitute it, upon proper evidence of its destruction and contents.— *Bradford v. State*, 54 Ala. 230; 1 Bish. Cr. Pr. §§ 1213-14. It was the duty of the clerk of the Circuit Court of Tuskaloosa, on the application of the solicitor, or of any person applying for the same, to make out and deliver a correct transcript, properly certified, of the proceedings had in the cause while it remained in that court, appearing of record, or of papers found on file pertaining to the cause. This transcript, whether certified as the original transcript was, or simply certified, in general terms, to be a full, true, and correct copy of the record, and of the papers on file, became proper evidence of the contents of the original transcript. If its truth was not successfully controverted, the court could, on motion, have ordered its substitution, as and for the original; or, without making the order, could have accepted it on the trial, as evidence of the contents of the original transcript. Rights are not lost—suits in civil causes, and prosecutions in criminal causes, are not terminated—by the loss or destruction of records, or of papers pertaining to the files, while the cause is *in fieri*. The court has the power, and it is its duty, to supply them, on proper evidence of their contents.

The Circuit Court ordered, on the presentation of transcripts from the Circuit Court of Tuskaloosa, certified by the clerk, under the seal of the court, to be full and complete transcripts of all the papers and proceedings on file

[Cook v. The State.]

and of record in the cause while in that court, these transcripts containing the organization of the grand jury, the indictments thereon, all the entries relating thereto, should be filed—in other words, should be substituted—for the original transcript, which had been destroyed. It was not necessary the court should have obtained these transcripts by any order, or by a *certiorari* to the clerk of the Circuit Court of Tuskaloosa county. Such an order, or writ, is necessary, only when it is necessary to correct mistakes, or supply omissions, in records already certified to, and of file in the court. Code of 1876, § 4916. The record, mistakes or omissions in which could have been supplied or corrected, had been lost. The power the court was exercising, was not the power to correct mistakes, or supply omissions. It was simply the power to receive legal evidence of the contents of the transcript which had been destroyed. The duty of the court was to require the best evidence of the contents of that transcript the State could produce. A reproduction from the records and files of the Circuit Court of Tuskaloosa, whence the destroyed transcript came, was the best and highest evidence of its contents.—1 Whart. Ev. §§ 135-6. The reproduced transcript, containing everything which the original could have properly contained, and being certified to be full and complete, in the absence of all impeachment of its verity, was properly received, and substituted for the original.

We have carefully examined the record, and there is no error which authorizes a reversal of the judgment of conviction.

Affirmed.