# Marks *r*. The State.

### Proceeding to amend Judgment nunc pro tunc.

1.  *Amendment of judgment nunc pro tunc; when properly allowed.*
    Where the clerk of a court in entering a judgment of convic-
    tion upon the minutes of the court omits therefrom a formal
    adjudication by the court of the guilt of the defendant, and
    the entries by the judge on the trial docket show a finding of
    the defendant guilty and the assessment of a fine, such judg-
    ment may be amended *nunc pro tunc* at a subsequent term
    of the court, so as to make it contain a formal adjudication
    of the defendant's guilt.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

The appellant in this case was tried and convicted for
an assault and battery. The cause was tried by the
court without the intervention of jury.

The entries on the trial docket, by the judge, as shown
by his bench notes, show a finding by him of the defend-
ant guilty of the offense charged, the assessment of a
fine, and the confession of judgment by the defendant
and other perons as his sureties. In entering up the
judgment upon the minutes of the court the clerk did
not enter therein a formal adjudication by the court of
the guilt of the defendant. At the next term of the
court the solicitor of said court made a motion to amend
the judgment *nunc pro tunc* entered in the said cause as
made at the former term so as to make it contain the
formal adjudication of the defendant's guilt. The de-
fendant and his sureties in the confession of judgment
objected to 'the granting of such motion upon the ground
that the matter proposed to be amended *nunc pro tunc*
was not a judgment, and, therefore, constituted nothing
to be amended, and, further, because said judgment at
the former term of the court had passed beyond the juris-
diction of the court. This objection was overruled, and
the court granted said motion amending the judgment

[Marks v. The State.]

*nunc pro tunc.* To this ruling the defendant duly excepted, and from said judgment amending the former judgment *nunc pro tunc* the present appeal is prosecuted.

TROTTER & ODELL, for appellant.—The object of a judgment *nunc pro tunc,* or, an amendment of a judgment *nunc pro tunc,* is not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of one which it did erroneously render, nor to supply non-action by the court. *Wilmerding v. Corbin Banking Co.,* 126 Ala. 288; *Dumas v. Hunter,* 30 Ala. 188; *Browder v. Faulkner,* 82 Ala. 257; *Robertson v. King,* 120 Ala. 459. Amendments of judgment can not cure the inaction, or an erroneous action of the court.—*Taylor v. Harwell,* 65 Ala. 1.

CHARLES G. BROWN, Attorney-General, for the State. The bench notes, or entries of judgment on the trial docket, were sufficient record evidence upon which to amend the judgment, *nunc pro tunc,* or to enter upon the minutes of the court the judgment of conviction. This entry of judgment on the record was the duty of the clerk of the court and his failure to do so was merely clerical error. The court did not err in ordering the judgment to be entered on the record at a subsequent term of the court under the doctrine laid down in the following cases: *Clanton v. State,* 96 Ala. 111; *Charles v. State,* 4 Porter 107; *Kuehlthau v. State,* 92 Ala. 92; *Herring v. Cherry, Smith & Co.,* 75 Ala. 376.

TYSON, J.—The only matter of omission from the original minute entry was the formal adjudication by the court of the guilt of the defendant. The entries by the judge, as shown by his bench notes, show a finding of guilt by him, the assessment of a fine of five dollars and a confession of judgment by defendant and certain persons as his sureties, etc., etc. The entry thereof upon the minutes of the court was a mere clerical duty of the clerk, guided and directed by these entries, covering and determining the issues committed to the trial judge for decision. "These entries and the law, in other words,

show what the judgment should have been and what the court must be presumed to have intended it should be; and it becomes the clerk's duty to enter on the record such judgment as the law required should be entered, upon the finding of issues in the case, in the manner evidenced by these bench notes. * * * This clerical duty having been omitted at the term of the court at which it should have been discharged, there can be no doubt of the court's power to order the entry of record to be made at a subsequent term; the law and the evidence furnishing the *data* necessary to the exercise of the power."—*Kuehlthau v. The State*, 92 Ala. 91. See also *May v. Hassell*, 4 Stew. & Port. 222.

Affirmed.