# Henry *v.* Nashville, Chattanooga & St. Louis Railway.

*Action for Trespass.*

1. *Appeal; motion to strike pleading must be shown by bill of exceptions.*—Where a complaint is stricken from the file on motion by the defendant, in order for ruling to be reviewed on appeal, it is necessary that the motion and the ruling thereon and the exception thereto, should be shown by a bill of exceptions.

[Henry v. Nashville, Chattanooga & St. Louis Railway.]

2. *Action against railroad company; when no cause of action shown.*—In an action against a railroad company, a complaint does not state a cause of action which charges the defendant with collusion with another railroad company by allowing the latter to run over a branch of the defendant's road, and to use the defendant's road to grade such branch of the road, and thereby enable the other company to reach "plaintiff's possession which was taken by strong force from plaintiff by the other railroad company, and cutting a fence around said possession, exposing the crop," to plaintiff's damage, etc.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. OSCEOLA KYLE.

This action was brought by the appellant, James Henry, against the appellee. The complaint as originally filed was in words and figures as follows: Plaintiff charges defendant collusion with Southern Railway Company, by allowing said Southern Railway Company to run over a branch in West Huntsville, belonging to defendant, and to put in a switch in said branch of defendant's to run to Merrimack Cotton Mill, a branch to be graded by said Southern Railway Company, plaintiff further charges on the 9th day of June, 1899, and the privilege allowed said Southern Railway Company, by defendant to use defendant's road to grade said branch to said mill, aided said Southern Railroad Company to reach plaintiff's possession, which was taken by a strong force from plaintiff by said Southern Railway Company, and cutting a fence around said possession, exposing the crop of watermelons and cantaloupes on said possessions to stock and people during crop season in 1899, cutting drainage in crop, which caused great fall off in production, destroying flavor of melons, destroying the entire crop, less ten dollars and fifteen cents. Said possession lying in Madison County, State of Alabama. Plaintiff asks in damage of defendant, fifteen hundred dollars. Plaintiff served notice in writing to attorney of defendant for possession. To this complaint the defendant demurred on the grounds that it was frivolous, and that it stated no cause of action against the defendant. This demurrer was sustained. Thereupon

22c.

[Henry v. Nashville, Chattanooga & St. Louis Railway.]

the complaint was amended by adding another count. This amendment was upon motion stricken; but the record contains no bill of exceptions. The judgment entry recites that after the court struck the amended complaint, the plaintiff declined to plead further, and judgment was rendered in favor of the defendant.

From this judgment the plaintiff appeals and assigns as error the striking of the amended complaint from the file, and sustaining the demurrer to the original complaint.

W. N. BENSON, for appellant.

OSCAR R. HUNDLEY, *contra.*—Cited *Central of Ga. Ry. Co. v. Joseph,* 125 Ala. 313.

DENSON, J.—There is no bill of exceptions in this case, hence, the first ground in the assignment of error, which challenges the correctness of the ruling of the court in granting defendant's motion to strike the amended complaint, cannot be considered.—*Holly v. Coffee,* 123 Ala. 406; *Cottingham v. Greely Barnham Grocery Co.,* 123 Ala. 479; *Central of Georgia Ry. Co. v. Joseph,* 125 Ala. 313.

The original complaint does not state a substantial cause of action against defendant, and the second ground of demurrer was properly sustained to it.

The judgment of the lower court is affirmed.

Affirmed.

McCLELLAN, C. J., HARALSON and DOWDELL, J. J., concurring.