# Lewis *v.* The State.

## *Murder.*

(Decided December 16, 1913.. Rehearing denied February 3, 1914.
64 South. 537.)

1. *Judgment; Amendment; Nunc Pro Tunc.*—Incorrect judicial action is not the subject of a correction by a judgment nunc pro tunc at a subsequent term; hence, a trial court cannot so correct its original entry as to the degree of the offense of which defendant was adjudged guilty.

2. *Same.*—Where the motion was made to amend a judgment nunc pro tunc in two particulars, one only of which could be corrected, and defendant did not question the sufficiency of the showing made by a separate feature of the motion which sought correction as to the other, it was not error to overrule demurrer to the motion as a whole.

3. *Criminal Law; Verdict; Amendment Nunc Pro Tunc.*—Recitals in a minute entry of the rendition of a verdict and its contents is the performance of a clerical function by the clerk, and miscopying the verdict therein is a clerical error and may be corrected nunc pro tunc by a proper entry under section 4140, Code 1907.

4. *Same; Correction of a Minute Entry.*—Where the verdict found defendant guilty of murder in the second degree, and the minute entry showed a finding of guilt in the first degree, the court was warranted in correcting the minute entry to conform to the verdict.

5. *Same.*—The adjudging of the guilt of a defendant of murder in the first degree on a verdict finding him guilty in the second degree cannot be treated as a clerical error, or be corrected by a nunc pro tunc entry; such is error or mistake committed by the court in the exercise of its judicial functions which cannot be corrected at a subsequent term.

6. *Same; Loss of Original Verdict; Substitution.*—Where it is shown that the original verdict was lost, the court has inherent power to substitue the verdict on proper evidence of its contents.

7. *Same.*—Where the original verdict was lost, its contents may be shown by parol on a motion to substitute.

8. *Appeal and Error; Reversal in Part.*—Where there is no error affecting the judgment except that committed in adjudging defendant guilty of an offense of which he was not found guilty by the verdict, such error may be corrected by reversing only that part of the judgment which followed the acceptance and entry of the verdict, with directions to the lower court to render a judgment of guilt and impose a sentence conforming to the verdict.

9. *Same; Review; Exceptions.*—Where the bill of exceptions does not show that an exception was reversed to a ruling on a motion to correct nunc pro tunc minute entries in the case, the action of the court thereon is not presented for review.

10. *Jury; Venire; Special.*—A venire made pursuant to the statute was not rendered subject to be quashed because the court excused regular jurors, thus reducing the number from which to select a trial jury to forty-one.  (Acts 1909, p. 315, sec. 32.)

11. *Same; Empaneling; Premature Oath.*—The fact that the court prematurely administered the oath to thirteen jurors did not deprive the court of the right, on discovering the mistake, to have the process of striking continued until only twelve remained.

12. *Charge of Court; Evidence.*—Charges should require the finding or belief hypothesized to be based on the evidence adduced, and failing therein are properly refused.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Sim Lewis was adjudged guilty of murder in the first degree, and he appeals.  Affirmed in part, and reversed in part, and remanded.

The original judgment showed a finding by the jury of guilty of murder in the first degree, and fixing of a punishment of imprisonment in the penitentiary for a term of 20 years.  This judgment seems to have been rendered on the 24th day of October, 1912.  On October 31, 1913, the judgment was amended nunc pro tunc on motion of the solicitor heretofore filed so as to show a finding by the jury of guilty of murder in the second degree, and the fixing the same penalty for 20 years.  No facts are stated in the motion as a basis for the motion.

O. S. LEWIS, for appellant.  The venire should have been quashed because by excusing regular jurors it was reduced below fifty.—*Jackson v. State,* 171 Ala. 42; *Gresham v. State,* 1 Ala. App. 220; *Herndon v. State,* 2 Ala. App. 123; *Clark v. State,* 3 Ala. App. 6.  Counsel discuss other matter assigned as error, but without further citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

[Lewis v. The State.]

WALKER, P. J.—The motion for the amendment of the judgment nunc pro tunc, in setting out the verdict rendered by the jury and a different verdict as it appears in the part of the minute entry which purports to recite the verdict rendered, shows the commission of a clerical error, which was amendable at a subsequent term by an entry made nunc pro tunc. The recitation in the minute entry of the fact of the rendition of the verdict, and of the contents of it, was the performance of the clerk of a clerical function. The miscopying of the verdict in such entry was a clerical error, which may be corrected nunc pro tunc by an entry properly reciting the facts as shown by the verdict itself.—Code, § 4140; *Whorley v. Memphis & Charleston R. Co.*, 72 Ala. 20. It may be conceded that the motion did not disclose a state of facts authorizing the trial court at a subsequent term to amend that part of its judgment which specified the offense of which the defendant was adjudged guilty, as there was a failure to show that the action of the court in that regard was different from that shown in the original entry. Incorrect judicial action is not the subject of correction by a judgment nunc pro tunc entered at a subsequent term.—*A. G. Story Mercantile Co. v. McClellan*, 145 Ala. 629, 40 South. 123; *Wilmerding v. Corbin Banking Co.*, 126 Ala. 268, 28 South. 640. But the motion as a whole was not subject to the demurrer interposed to it, as it showed, as above stated, a clerical error in the original minute entry which properly could be corrected by an entry made nunc pro tunc. The defendant did not, by motion to strike or otherwise, raise the question of the sufficiency of the showing made by the separable feature of the motion which sought a correction of the judgment so far as it evidenced judicial action on the verdict rendered. It follows that the

court was not in error in overruling the demurrer to the motion as a whole.

The record in the case showed the rendition by the jury of a verdict of guilt. On the hearing of the motion there was evidence going to prove that the original verdict had been lost, and that it could not, after diligent search, be found. This evidence was not controverted. In this situation the court had inherent power to substitute that paper on proper evidence of its contents, and such contents were capable of proof by parol. —*Bradford v. State,* 54 Ala. 230; *Dunn v. State,* 60 Ala. 35; *Southern Ry. Co. v. Dickens,* 163 Ala. 114, 50 South. 109. We find no error in the rulings of the court on objections to evidence as to the contents of the verdict rendered by the jury. The evidence on that subject was such as to support a finding that the verdict as rendered was in the following language: "We, the jury, find the defendant guilty of murder in the second degree, and fix his punishment at imprisonment in the penitentiary for a term of twenty years." The only difference between this verdict and the one set out in the original minute entry is that in the latter the word next preceding "degree" was "first," instead of "second," thus showing a finding that the defendant was guilty of murder in the first degree. We are of opinion that under the evidence the court was warranted in correcting the minute entry so as to make it recite the verdict as it was found to have been rendered.

The bench notes made by the presiding judge show the following entry of the date of the rendition of the verdict: "J. & V. guilty; murder in the 1st degree, and fix punishment at twenty years in the penitentiary"—and the following entry, dated the next day: "Deft. formally sentenced to the penitentiary for 20 years." These quasi record entries, standing by them-

[Lewis v. The State.]

selves, and in the absence of anything else showing judicial action on the verdict rendered, imported a direction to the clerk to enter as the judgment of the court one adjudging the defendant guilty of murder in the first degree, and sentenced him to imprisonment in the penitentiary for 20 years. As to these features of the original entry it conformed to the directions so given by the presiding judge to the clerk. And there was nothing of record or quasi of record to indicate that the judicial action taken on the verdict was in any respect other than what is shown by the original minute entry as written out by the clerk. The improper action of the court in adjudging the defendant guilty of murder in the first degree on a verdict finding him guilty of murder in the second degree cannot be treated as a clerical misprison, or be corrected by a nunc pro tunc entry. It is an error or mistake committed by the court in the exercise of its judicial function, which cannot be corrected by it at a subsequent term. It follows that the trial court was without power to change this feature of the judgment which by the appeal is presented to this court for review. The result is that that judgment, treated as corrected by the trial court only so far as it was subject to correction by it at a subsequent term, is shown by the record to be one adjudging the defendant guilty of murder in the first degree on a verdict finding him guilty of murder in the second degree. If that judgment is found to be affected by no error other than that committed in adjudging the defendant guilty of an offense of which he was not found guilty by the verdict of the jury, there remains a proper verdict of the jury upon which an appropriate judgment should be entered, and the matter may be set right by reversing only that part of the judgment which followed the acceptance and en-

try of the verdict, and remanding the cause, with directions to the trial court to render a judgment of guilt, and impose a sentence in conformity with the verdict. —*Ex parte Robinson,* 63 South. 177; *Robinson v. State,* 6 Ala. App. 13, 60 South. 558.

The action of the court on the motion of the defendant for a correction nunc pro tunc of the minute entries in the case is not presented for review, as the bill of exceptions does not show that any exception was reserved to the ruling of the court on that motion.— *Hooper v. State,* 141 Ala. 111, 37 South. 662; *Henry v. Nashville, Chattanooga & St. Louis Ry.,* 142 Ala. 336, 38 South. 361. It may be added that we discover nothing prejudicial to the defendant in the ruling made on that motion.

The defendant moved the court to quash the special venire of jurors for the trial of the case upon the ground, as stated in the motion, "that the venire served upon the defendant from which he is required to select the jury is composed of 6 special jurors drawn by the court upon arraignment and 49 regular jurors drawn and summoned for this week of this court, and that said list so served on the defendant contains the names, to wit, 14 persons who were drawn and summoned and appeared in said court and were excused from further attendance upon the court as jurors, without the consent or knowledge of the defendant, and thereby reduced the number below 50, as required by law, to wit, 41." The venire was not subject to be quashed on the ground stated. The requirement of the present jury law (Acts of Ala. Special Session 1909, pp. 305, 315) as to the order for a special venire of jurors in a capital case is complied with by the court making "an order commanding the sheriff to summon not less than fifty nor more than one hundred persons.

[Lewis v. The State.]

including those drawn and summoned on the regular juries for the week set for the trial of the case." It is not a ground for quashing such a venire that, as a consequence of the court's having excused some of the regular jurors drawn and summoned for the week set for the trial, a compliance with the court's orders on the subject results in having in attendance at the time set for the trial less than 50 jurors from whom a jury to try the case is to be selected. The terms of the statute (section 32, p. 319) plainly show that it was in the contemplation of the Legislature that a compliance with the orders of the court in reference to a special venire might result in having in attendance at the time set for the trial a less number of jurors than 50, and an explicit statement of what should be done in the event of what was regarded by the Legislature as an insufficient number of jurors being in attendance is found in the following provision : "If in any capital case the number of competent jurors shall be less than twenty before requiring any of them to be stricken off, the court must draw as prescribed in this act, and have summoned, enough qualified jurors who are within or live within five miles of the court house, or who live within the corporate limits of a city of 10,000 or more inhabitants in which the court is held, to increase the number to at least thirty, and have their names placed on the list with other competent jurors, and shall then require the solicitor and the defendant to strike from the list," etc. It is manifest from this provision that, the orders for the special venire having been made in conformity with the requirements of the statute, and 41 of the persons constituting such venire being in attendance, the venire was not subject to be quashed because the number of jurors in attendance was less than 50, and that the

court was not under a duty to have additional jurors drawn and summoned, whether or not the fact that less than 50 jurors were in attendance was due to the action of the court in excusing some of the regular jurors for the week who had appeared in response to the summons served upon them.

Just after the striking by the defendant of 2 names from the list from which the jury in the case was to be selected, the oath was administered to those whose names then remained on the list, though there were 13 of them. When this was discovered, the court permitted the solicitor, whose turn it was to make the next strike, to strike another name from the list. The defendant excepted to this action of the court. There is no merit in this exception. The premature administration of the oath was not entitled to be given the effect of depriving the court of the right, on the discovery of the mistake, to have the process of striking proceeded with in the manner prescribed by the statute (Id. § 32, p. 319) until only 12 names remained on the list.

There is no merit in any of the exceptions reserved to rulings made by the court on objections to evidence. Neither of the questions so presented is such a one as to call for a discussion of it.

By the terms of the only written charge which was refused to the defendant the jury were directed to consider a fact, if believed by them to have existed, without requiring such belief or finding to be based on evidence adduced. Whether or not the charge was otherwise objectionable, this fault in it justified the court in refusing to give it.

The record does not show any prejudicial error in any of the proceedings of the court up to and including the rendition and entry of the verdict of the jury. Mention already has been made of the mistake made by

the court as to the grade of offense of which the defendant was adjudged guilty. The result is that the judgment is affirmed, except as to the part of it which followed the acceptance and entry of the verdict of the jury, is reversed as to that part of it, and the cause is remanded, to the end that the trial court may render a judgment of guilt, and impose the sentence appropriate to the verdict of the jury.

Affirmed in part, reversed in part, and remanded.