## Agee, *et al. v.* The State.

### *Murder.*

(Decided December 17, 1914.   67 South. 411.)

1. *Judgment; Trial; Conviction.*—Where only one of two jointly indicted was on trial, a judgment of conviction of both, is a mere nullity as to the one not tried.

2. *Appeal and Error; Harmless Error; Verdict and Judgment.*— A defendant on trial and convicted cannot complain of the fact that the name of another jointly indicted with him, but not on trial, was also inserted in the verdict and judgment of conviction.

3. *Same; Disposition of Cases.*—Where two defendants were jointly indicted, but only one was on trial, a judgment of conviction as to both may be affirmed as to the one convicted and reversed as to the other not on trial.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Scrapp Agee and Leon Kitchen were indicted for murder. From a judgment of conviction, they appeal. Affirmed in part, and in part reversed and remanded.

The defendants were jointly indicted for murder in

the first degree. After arraignment and plea of not guilty, they moved for a severance of their trial, which was granted, and a certain day was fixed for the trial of this cause. With respect to the trial, the judgment entry is as follows: "And now again, on this the 22nd day of May, it being the day heretofore fixed and set apart for the trial of this cause, comes the state of Alabama, by its solicitor, and also comes defendant Scrapp Agee into open court in his own proper person and attended by his counsel, and the demurrer to the indictment is overruled, and the motion for a continuance is overruled. And the court having ascertained that all of the former orders of this court in this cause had been complied with, the state by its solicitor and the defendant in person and attorney proceeded to select a jury for the trial of this cause. And the said jury being selected as required by law, and the indictment being read to the jury, the defendant renewed his plea of not guilty, and an issue being joined upon this plea of not guilty, thereupon came a jury of good and lawful men, * * * who upon their oaths say: 'We, the jury, find defendants Scrapp Agee and Leon Kitchen guilty of murder in the first degree, and fix their punishment in the penitentiary for life.' It is therefore considered by and it is the judgment of the court that the defendants Scrapp Agee and Leon Kitchen are guilty of murder in the first degree, and that they be imprisoned in the penitentiary of the state of Alabama for the remainder of their natural life; and now on May 24th defendants, said Scrapp Agee and Leon Kitchen, being asked by the court what they have to say why the judgment and sentence of the court should not now be pronounced upon them, say nothing."

Then follows the usual finding and sentence of the court against both defendants. Both defendants ap-

peal on the record, and seek a reversal of the judgment on the ground that they were unlawfully tried jointly, instead of severally, as they allege.

MIDDLETON, DENSON & REYNOLDS, for appellants.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

SOMERVILLE, J.—(1, 2) The record in this case exhibits the anomaly of a severence of the trial of two jointly indicted defendants, a trial of one of them, a verdict of guilty and judgment of conviction as to both of them, and a sentence upon both of them to life imprisonment.

Taking the judgment entry at its face value, it conclusively appears that Scrapp Agee was tried alone, and that Leon Kitchen was gratuitously declared guilty by the jury, and gratuitously and unlawfully adjudged guilty and sentenced by the court.

It is obvious that the judgment of conviction is a nullity as to Kitchen, and equally obvious that it is without error as to Agee, who could not have been prejudiced by the gratuitous interjection of Kitchen's name into the verdict and judgment.

(3) As to Kitchen the judgment will be reversed, and the cause remanded; and as to Agee the judgment will be affirmed.—*Chaney et al. v. State,* 4 Ala. App. 89, 58 South. 685.

Affirmed in part, and reversed and remanded in part.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ , concur.