197 So. 55

### FRANKLIN v. STATE.

6 Div. 496.

Court of Appeals of Alabama.

March 12, 1940.

Rehearing Denied April 9, 1940.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

F. F. Windham and Leon B. Buer, both of Tuscaloosa, for appellant.

SIMPSON, Judge.

This is a prosecution for bastardy against the appellant, originating by warrant in the Inferior Court of Tuscaloosa County, which court had preliminary jurisdiction of the case. Upon hearing the appellant was held in bond to the circuit court and there tried and, by the jury, found to be the father of the bastard child of prosecutrix, a single woman.

The verdict of the jury was as follows: "We, the jury, find the defendant, Lee Franklin, the father of bastard child, Frances Lee Turner. W. C. White, foreman."

The record originally submitted in this court was imperfect, the judgment of the lower court seemingly inconsistent. Thereupon the Attorney General, responsive to the provisions of Supreme Court Rule 19, made motion for writ of certiorari to perfect a complete record of the proceedings of the trial of this case in the court below. On December 11, 1939, this court granted the motion and ordered issuance of the writ. Return thereof was duly made and filed in the office of the clerk of this court on December 19, 1939, and thereafter on January 18, 1940, the cause was again

submitted. The judgment as appears by the perfected record is now regular and responsive to the verdict of the jury above quoted, and this latter record must be regarded as correct.

As recently announced by this court in Granston Rogers v. State, 193 So. 871,[1] January 30, 1940, Court of Appeals Ms.: "Where there is any repugnancy between the contents of the original transcript, and that sent up as a return to a certiorari awarded by the court, the latter must be regarded as the true and correct record."

■ The several insistences in appellant's assignments of error, Nos. 1, 3, 4, and 5, that the judgment of the lower court is void for inconsistency, are, therefore, not well taken. Although the name of the bastard child appears in the verdict of the jury and not in the transcript of the evidence, this could not render the proceedings void or the judgment erroneous. There was no conflict in the evidence as to who the parties were, either defendant or prosecutrix, nor was there dispute that the child had been born to the prosecutrix, a single woman. The controverted question was whether or not the appellant was the father of the bastard child. In such a proceeding the naming of the child was not necessary and the addition of its name to the verdict of the jury was of no prejudice to the defendant and will be regarded as surplusage. Cases analogous to this reasoning are: Robinson v. State, 54 Ala. 86; Berryman v. Judge of County Court, 9 Ala. 455; Agee et al. v. State, 190 Ala. 19, 67 So. 411.

■ It is next urged, in brief of appellant, that the trial court improperly sustained objection of the State to the effort on the part of counsel for appellant to cross-examine a physician, who was produced as a State's witness, regarding certain tables described in the record as being in "Dr. Harper's Volume on Clerical Obstetrics." The table is not shown or described in the evidence and of course an appellate court could not determine, from the state of the record, just what probative value, if any, for the defendant such a table would have been in the cross-examination of the witness. The witness testified that "he knew and was familiar with Dr. Harper's work in obstetrics," but no further identification (other than the book and page of the volume) or description of the authority, if it be one, was given or attempted. The court correctly ruled on this objection. Relevant extracts from medical treatises are not in themselves self-proving but are admissible when *recognized* and *approved* by the medical profession as *standard*. (Italics ours.) Bales v. State, 63 Ala. 30; Merkle v. State, 37 Ala. 139; Stoudenmeier v. Williams, 29 Ala. 558; Anderson v. State, 209 Ala. 36, 95 So. 171. The volume in question was not shown to be a standard work or recognized authority on the subject at issue, and in the rejection by the court of the table there was no error.

■ In assignment of error No. 8, as well as No. 2, the appellant insists that the evidence was insufficient to submit the case to the jury and the court erred in refusing to give for defendant the general affirmative charge, and later in overruling motion for new trial. From a careful reading of the record, the court is of the opinion that the evidence was ample to justify the conclusion reached by the jury, and this court would not be justified in disturbing it.

■ It is finally insisted by appellant that the comment by the special prosecutor, in argument to the jury, "this case was tried before Judge Findley and this boy was bound over," constituted such prejudicial error as to have required the trial court to have entered a mistrial or granted a new trial. In this we cannot agree. At most, this statement was but an explanation of the progress of the proceedings under the statute. 1923 Code of Alabama, Sections 3418, 3419. Furthermore, upon the objection to such statement by appellant, the court promptly and specifically instructed the jury not to consider it, and had such remark been inclined to prejudice the defendant before the jury it was thus cured.

Affirmed.

### On Rehearing.

■ In application for rehearing, appellant insists that the procedure whereby the corrected judgment in the court below was sent up to this court as a return to writ of certiorari, awarded by this court on motion of the Attorney General, was unauthorized. The judgment in the court below, as originally enrolled by the clerk, was inaccurate in certain phases and, upon issuance of the writ by this court, the solicitor in the lower court filed a motion to amend the judgment nunc pro tunc. Upon hearing and consideration of same, the trial court

---

[1] Ante, p. 153.

granted the motion and entered the following in correcting the judgment:

"This cause coming on to be heard on the motion of Gordon Davis as Solicitor for the State of Alabama, to correct certain clerical errors in the judgment entry in said cause, and the same being considered by the court, and it being remembered by the court of his own recollection and from the record in said cause, the court is convinced and remembers from his own recollection that the judgment entry was prepared by the clerk or a stenographer, and that there were, or are, certain clerical errors in said judgment, and that the motion of the State is well taken and should be granted, and it is therefore, the order and judgment of the court that the said clerical errors in said judgment entry be corrected, and it is the order and judgment of the court that the said judgment entry when corrected does, and should read as follows, and it is ordered by the court that the said judgment entry be corrected so as to read as follows, to-wit:

" 'The defendant on the appearance of the accused and on demand by accused, caused an issue to be made up to ascertain whether he is the real father of the child or not.

" 'On the trial of said issue submitted to the jury the jury returned its verdict as follows: "We, the Jury, find the defendant Lee Franklin the father of bastard child, Frances Lee Turner. W. C. White, foreman."

" 'It is the order and judgment of the court that the defendant, Lee Franklin, is the real father of, Frances Lee Turner, the bastard child of Katie Bell Turner, a single woman. It is further ordered and adjudged that the defendant, Lee Franklin, pay the costs of this proceeding for which let execution issue.

" 'It is further ordered and adjudged that the defendant enter into bond with surety to be approved by the Judge in the sum of One Thousand and no/100 ($1000.-00) Dollars payable to the State of Alabama and conditioned to pay the costs of the proceedings and the sum of One Hundred ($100.00) Dollars a year on the 1st Monday in January in each year beginning the 1st Monday in January, 1940, for ten (10) years to the Judge of Probate of Tuscaloosa County for the support and education of the child which bond is ordered to be recorded.

" 'The defendant (the accused) failing to give such bond it is ordered and adjudged that the State of Alabama have and recover of the defendant, Lee Franklin, for the support and education of the child the sum of six hundred seventy Dollars being the sum at legal interest will produce the amount of One Hundred ($100.00) Dollars yearly until the last installment of $100.00 is paid and the whole amount then exhausted.

" 'And it is ordered and adjudged that the defendant, Lee Franklin, be and he is hereby sentenced to hard labor for the County for 1 year unless in the meantime he executes the bond required or pays the judgment and costs.

" 'It is ordered and adjudged that the proceeds of the defendant's hire or labor shall be paid to the Judge of Probate for the support and education of the child as provided in Section 3427 of the Code of Alabama (1923). This March 14, 1939. W. C. Warren, Special Judge.'

"Done this the 16th day of December, 1939. W. C. Warren, Special Judge."

This latter judgment appears regular and under the present state of the record this court is bound by its recitals.

Authority for such procedure is well recognized and has been approved by both appellate courts of this State. Bailey v. State, Ala.Sup., 193 So. 873;[1] Rogers v. State, Ala.App., 193 So. 871;[2] Phillips v. State, 162 Ala. 14, 50 So. 194. And when return of the writ awarded by this court has been made, the latter record will be regarded as correct. Rogers v. State, supra. Under authority of the Code, Sections 7854 and 7855, the decisions, supra, and others, among them being Lewis v. State, 10 Ala. App. 31, 64 So. 537; Bowden v. State, 19 Ala.App. 377, 97 So. 467; Marks v. State, 135 Ala. 69, 33 So. 657; Story v. State, 178 Ala. 98, 59 So. 480, the procedure followed to correct and complete the record in this case was proper and in it there was no error.

The application for rehearing is overruled.

Opinion extended and application overruled.

---

[1] 239 Ala. 2.

[2] Ante, p. 153.