197 So. 58

### FRANKLIN v. STATE.
### 6 Div. 680.

Supreme Court of Alabama.

June 6, 1940.

Rehearing Denied June 27, 1940.

F. F. Windham and Leon B. Buer, both of Tuscaloosa, for petitioner.

Thos. S. Lawson, Atty. Gen., for respondent.

BROWN, Justice.

The contention of the petitioner here is that the circuit court in granting the state's motion to amend the judgment nunc pro tunc amended judicial and not merely clerical errors.

This is a prosecution for bastardy under the provisions of Chapter 85 of the Code 1923, §§ 3416–3439, instituted by Katie Bell Turner.

On the final trial in the circuit court the verdict returned by the jury was: "We, the Jury, find the defendant, Lee Franklin, the father of bastard child, Frances Lee Turner."

The clerk of the court in writing up the minutes, wrote into the judgment entry: "On the trial of the issue submitted to the jury the jury returned its verdict as follows: 'We, the jury, find that the defendant, Lee Franklin, is the real father of the child. W. C. White, Foreman. It is the order and judgment of the court that the defendant, Lee Franklin, is the real father of the child of Frances Lee Turner, a single woman."

This judgment entry was amended so as to read as follows:

"On the trial of said issue submitted to the jury, the jury returned its verdict as follows: 'We, the Jury, find the defendant Lee Franklin the father of bastard child, Frances Lee Turner, W. C. White, foreman.'

"*It is the order and judgment of the court that the defendant, Lee Franklin, is the real father of Frances Lee Turner, the bastard child of Katie Bell Turner, a single woman.*" (Italics supplied.)

The foregoing is sufficient to show that the amendment was of a clerical error, and the record as amended, in the absence

of exception to the granting of the motion and bill of exceptions embodying the evidence on the hearing of the motion, is conclusive on appeal. Lewis v. State, 10 Ala. App. 31, 64 So. 537.

 It is further insisted that the language of the judgment entry italicized above, is not sufficient as a solemn adjudication, because it does not use the term "considered." While this in itself followed by a sentence is held sufficient, it is also held that words of equivalent import are sufficient. Roberson v. State, 123 Ala. 55, 26 So. 645; Wilkinson et al. v. State, 106 Ala. 23, 17 So. 458; Wright v. State, 103 Ala. 95, 15 So. 506; Gray v. State, 55 Ala. 86; Driggers v. State, 123 Ala. 46, 26 So. 512.

The writ of certiorari is therefore due to be denied. It is so ordered.

Writ denied.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.