# Gray *v.* The State.

### *Indictment for Murder.*

1. *Summoning non-residents as special jurors in capital case.*—If, through inadvertence, non-residents are summoned as special jurors in a capital case, this is good ground of challenge for cause, but not a good ground for quashing the *venire;* and if the rule be different, where such non-residents are summoned, not through inadvertence, but with knowledge by the officer of their non-residence, the fact of such knowledge must be affirmatively shown to the court on a motion to quash.

2. *Amendment of sheriff's return on venire, showing service on prisoner.*—The sheriff's return on the *venire,* in a capital case, not showing that a copy was served on the prisoner one entire day before the day appointed for the trial (Rev. Code, § 4171), the defect may be supplied by amendment, when a motion is made to quash the *venire* on account of it.

3. *Sentence and judgment of death.*—To sustain a sentence and judgment of death, the record must affirmatively show that it was the act of the court, pronouncing the sentence and judgment of the law. A recital in these words: "The defendant, being asked by the court if he had any thing to say why the sentence of the law should not now be pronounced upon him, said nothing; whereupon, the court sentenced the defendant to be hanged by the neck until he is dead," is not sufficient.

FROM the Circuit Court of Choctaw.
Tried before the Hon. LUTHER R. SMITH.

[Gray v. The State.]

The defendant in this case, John B. Gray, was indicted for the murder of Edward H. Ward; was convicted, and sentenced to death. On his trial, he reserved a bill of exceptions to several rulings of the court, which it is not necessary to state in full, since the opinion of this court shows the rulings deemed material. The judgment of the court, as set out in the record, is in these words: "On this day, November 10, 1876, came the solicitor for the State, and also came the defendant in person, in the custody of the sheriff, and also by his counsel; and the defendant being asked by the court if he had any thing to say why the sentence of the law should not now be pronounced upon him, said nothing; whereupon, the court sentenced the defendant to be hanged by the neck until he is dead." The judgment of the court, and the several rulings to which exceptions were reserved, are now relied on as error.

THOMAS COBBS, for the defendant, cited 2 Cooley's Blackstone, 395, § 396; Bouv. Law Dic., tit. *Judgment*, p. 636; *The King v. Kenworthy*, 1 Barn. & Cress. 711; *Baker v. The State*, 3 Pike, Ark. 491; *Knowles v. The State*, 2 Root, Conn. 282; *State v. Huber*, 8 Kansas, 451; *Benedict v. The State*, 12 Wisconsin, 316.

JNO. W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The prisoner moved to quash the *venire*, on two grounds: *first*, that it contained the names of two persons summoned as special jurors, one of whom was known by the sheriff, when he was summoned, to reside without the State, in the State of Mississippi, and the other not to have resided in the county for the term of twelve months. In *Hall v. State* (40 Ala. 698), it was decided, if any of the special jurors, summoned for the trial of a capital case, were incompetent because of non-residence, the income petency was ground of challenge for cause, at the instance of the accused or the State; but summoning them from inadvertence did not give the defendant a right, beyond the control of the discretion of the court, to demand that the entire list should be set aside. If the fact that incompetent persons are not summoned through inadvertence, but are summoned by the sheriff with a knowledge of their incompetency, makes a difference, the sheriff's knowledge of the incompetency must be shown by evidence. It can not be assumed from its averment; and no evidence of it having been offered, the court was not in error in overruling this ground of the motion.

2. The second ground of the motion was, that the return

of the sheriff did not show a list of the jurors was served on the prisoner one entire day before the day appointed for trial. This defect was cured by an amendment of the return, made by leave of the court. The amendment was properly allowed at any time during the term. The proceedings were *in fieri,* and under the control of the court; and it was its duty to see that the returns of its ministerial officers were made in proper form, and to speak the truth.

The remaining exceptions have been carefully considered, and we can not sustain any one of them. It would serve no good purpose to extend this opinion by discussing them.

3. The statute imposes on the jury trying an indictment for murder, if they find the prisoner guilty, to state specially in their verdict the degree of his guilt—whether it is murder in the first or second degree.—R. C. § 3657. If they convict of murder in the first degree, they must affix the punishment—either imprisonment in the penitentiary for life, or death.—R. C. § 3654. If the punishment of death is affixed, the duty of the court, nothing being said by the prisoner sufficient to bar the sentence, is to direct that he be hanged by the neck until he is dead, on a day appointed, not less than four, nor more than eight weeks from the sentence. The sentence is to be executed by the proper executive officer of the law, who is the sheriff, or his deputy, or the officer acting in his place.—R. C. §§ 3917–18. To support the sentence, the record must disclose an observance of the statute. It must appear affirmatively, as the act of the court, pronouncing the sentence of the law, that the defendant was adjudged to death. The sentence is not the act of the court: it is the judgment of the law the court is commanded to pronounce. At common law, the record of it commenced, "It is therefore considered by the court;" and these words were accepted from long use, as peculiarly significant and expressive that the succeeding order or judgment was not the sentence of the judge, but of the law.—Freeman on Judgments, § 46. We do not affirm that other words, substantially expressing the same idea, will not be sufficient; but there is safety in observing ancient forms. The material defect in the record is, not the omission of these particular words, but of any words accurately expressing the idea they are intended to convey. The clerk recites : " Whereupon, the court sentenced the defendant to be hanged by the neck until he is dead." This is the recitation by the clerk of what the court did—not the consideration and expression by the court of the sentence of the law. It imports that the sentence was the act, the judgment of the court; and not the act, the judgment of the law—expressing the idea which it is intended

shall be excluded.   We are unwilling, in a case of this character, to countenance such a gross departure from established forms ; and to recognize, as the solemn sentence of the law, that which, strictly construed, is the mere memorandum of a ministerial officer, narrative of, but not contemporaneous with, the transaction to which it refers.—*Benedict v. State,* 12 Wisc. 313 ; *Peglow v. State,* Ib. 534; *King v. Kenworthy,* 1 Barn. & Cress. 711.

The record not disclosing the court has pronounced sentence, the cause is remanded to the Circuit Court, with directions that it proceed at its next term, if the defendant has nothing to say sufficient to bar or preclude, to pronounce the sentence of the law, on the verdict rendered.