# Roberson _v. The State.

*Indictment for Grand Larceny.*

1. *Judgment in criminal cases; sufficiency thereof.*—On a trial under an indictment for grand larceny, a judgment which, after reciting a verdict of guilty returned by the jury and that the defendant was brought into open court and being asked if he had anything to say why the sentence of the law should not be passed upon him, said nothing, then recites that "It is therefore considered by the court that the defend-ant be and he hereby is sentenced to be confined in the State penitentiary," &c., is a sufficient and valid judgment of conviction and sentence.

2. *Grand larceny; argument of counsel to jury.*—On a trial under an indictment for the larceny of a cow, where the evidence for the State tended to show that the defendant drove the cow through the country into town and sold her, and on the trial the only reference made to one J. was the testimony of the defendant that he never saw said J. as he brought the cow to town, and .it did not appear that any predicate had been laid to impeach this testimony of the defendant, or that said J. was sworn as a witness in the case, the argument of the defendant's counsel, in which he assumed that said J. had been sworn as a witness and that a predicate had been laid to impeach the defendant's testimony as to his not hav-ing seen J. when he brought the cow to town, and in which he sought to make such assumption, and the failure of the State to put said J. on the stand to impeach the testimony of the defendant, circumstances in support of the defendant's credibility, is unwarranted and is properly disallowed by the court on motion of the State's attorney.

3. *Rulings of court upon motion for new trial; not revisable on appeal.*—In criminal cases, the refusal of the court to grant a motion for a new trial is not revisable on appeal.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. E. B. ALMON.

Luther Roberson was indicted, tried and convicted for the larceny of a cow.

On the trial of the case, the evidence for the State tended to show that the defendant was guilty as charged, and that he brought the cow to the city of Cullman and sold her to a butcher.

The evidence for the defendant tended to show that he purchased the cow alleged to have been stolen from a man who brought it to his house, and that he, the defendant, did not know at the time of purchasing the cow that it had been stolen. The defendant as a witness in his own behalf testified that he never saw one Andy Justice as he brought the cow to town for the purpose of selling her. This was all the testimony in the bill of exceptions in reference to Andy Justice. The bill of exceptions contains the following recital: "In the argument of the cause before the jury, one of the defendant's counsel started to make the statement 'that the defendant had testified that he did not pass Andy Justice on the road on the morning that he took the cow to town, and the State's attorney had laid a predicate to impeach said testimony of said defendant, and although said witness Justice, was sworn as a witness and placed under the rule, the State failed to put him on the stand to impeach the testimony of the defendant, and that it was a circumstance to show that the defendant told the truth.' The solicitor objected to this statement, and the court refused to permit it to be made to the jury, and defendant then and there excepted to the court's ruling."

In this court a motion was made by the Attorney-General for a dismissal of the appeal, on the ground that there was no judgment of conviction shown by the record. The recital of the judgment entry, necessary to an understanding of the decision on this point, is sufficiently shown in the opinion.

J. J. CURTIS and E. E. ST. JOHN, for appellant.

CHAS. G. BROWN, Attorney-General, for the State. There was no sufficient judgment of conviction shown by

the record in this case; and the motion to dismiss the appeal should be granted.—*Ayers v. State*, 71 Ala. 11; *Gray v. State*, 55 Ala. 86; *Nichols v. State*, 100 Ala. 23.

The court below acted properly in refusing to permit the counsel for defendant to make the argument stated. *Crawford v. State*, 112 Ala. 1; *Bates v. Morris*, 101 Ala. 282; *Jackson v. State*, 77 Ala. 18.

DOWDELL, J.—The judgment entry after reciting the verdict of guilty returned by the jury, then proceeds as follows: "On this the 30th day of March, 1899, the defendant being brought into open court and asked by the court, if he had anything to say why the sentence of the law should not be passed upon him, says nothing. It is therefore considered by the court that the defendant be and he hereby is sentenced to be confined in the State penitentiary," etc.

It has been decided in several cases by this court, that the language "it is therefore considered by the court," or "it is adjudged by the court," or other equivalent words or expressions, followed by the proper sentence, involves a determination by the court of the defendant's guilt, and therefore, is a sufficient judgment of conviction. *Wilkinson v. State*, 106 Ala. 23; *Wright v. State*, 103 Ala. 95; *Gray v. State*, 55 Ala. 86; *Driggers v. State*, *ante*, p. 46. The motion to dismiss the appeal because there is no sufficient judgment of conviction, must be overruled.

There is no evidence in the record that Andy Justice was sworn as a witness in the case, nor that there was any predicate laid for the impeachment of the defendant's testimony. All that the bill of exceptions contains in this respect, is that, the defendant's counsel was stopped by the court, on motion of the solicitor, in making such statement in his argument to the jury, and to which ruling of the court the defendant excepted. So far as the record discloses, the motion of the solicitor and the ruling of the court were based upon the fact that the statement of defendant's counsel was without the evidence in the case. The ruling was free from error.

In criminal cases the refusal of the court to grant a motion for a new trial, is not revisable on appeal.

*Curry v. State*, 120 Ala. 366.

We find no error in the record, and the judgment of the circuit court is affirmed.

