# Sudduth *v.* The State.

## Indictment for Murder.

1. *Consent for trial, may be made after arraignment.*—Where, under a statute which provides that, "no defendant shall be put upon trial for any offense which may be punished capitally, within five months from the time of the commission of the alleged offense, unless the defendant consent in writing for a trial within a shorter time," a defendant, by a writing signed by himself and also by his counsel before he was put on trial, did consent to his trial being entered upon and had on the day upon which it was entered upon and had, it is of no consequence that the defendant had been arraigned and this day set for his trial before this consent was entered into and filed in the cause.

2. *Consent to trial; when presumed to have been given by defendant.*—Where by statute the written consent of a defendant charged with the commission of an offense which may be punished capitally, is required before he could be put on trial within a certain time, and he gives the consent in the terms of the statute and is convicted ,and appeals on the record alone, he cannot be heard to insist, whatever be the correct practice, upon a reversal on matter which, or the absence of which, could only be shown by bill of exceptions. And however the case is appealed and whether this waiver of the defendant is matter of record or for a bill of exceptions, it would be presumed in support of the judgment below, that the consent required by the statute was entered into unless the contrary affirmatively appeared.

3. *Same; effect of.*—It cannot be insisted that the trial court abused its discretion in putting a defendant on trial in an

[Sudduth v. The State.]

unreasonably short time after indictment found, when that discretion was not appealed to at the time of trial and when the defendant consented to trial at that time.

4. *Sheriff; when order considered addressed to.*—Where the sheriff is the executive officer of the trial court an order in a capital case that a copy of the venire and of the indictment be served on the defendant, etc., is an order addressed to the sheriff.

5. *Judgment; sufficiency of.*—It is not the practice in this State that the names of the jury trying a criminal case should appear in the judgment entry. It is sufficient if the judgment recites that a jury of good and lawful men came to-wit A. B. and eleven others, etc.

6. It is unnecessary for place of imprisonment to be stated in the verdict.

7. *Counsel; presumption as to presence of.*—Where the record in a criminal case shows a continuous proceeding from the arraignment to the final sentence, all on the same day, and it recites the presence of the defendant and his counsel at the beginning of the entry, it will be presumed that the counsel was present at the time of the sentence.

8. *Judgment; when not set aside, but only sentence.*—It would seem to be sufficient for the record to show by fair inference affirmatively that the prisoner and his counsel were present; and that even where the record fails to show their presence at the time of sentence only the *judgment* will not be reversed on that account, but the *sentence* will be set aside and the prisoner remanded for sentence anew.

9. Query, whether or not it is necessary for the record to show the presence of his counsel when the defendant is sentenced.

APPEAL from Tuskaloosa County Court.
Tried before Hon. J. J. MAYFIELD.
The facts sufficiently appear in the opinion.

FRANCIS M. PURIFOY, for appellant, contended that the court abused its discretion in that three days from (1) arraignment and appointment of counsel, and (2) days of trial with inexperienced counsel, is not reasonable time to get witnesses and prepare defense, citing, 6 Ency. Pl. & Pr., 1 ed. p. 651; *State v. Jones*, 12 Mo. Ap. 93; 37 La. An. 781. (2). Record must show that sheriff was required to serve copy of venire.—*Breden v. State; Shelton v. State*, 73 Ala. 5; *Spicer v. State*, 69 Ala. 159. (3). Names of jurors should have been set out in the record.—12 Ency. Pl. & Prac. p. 528. (4). Verdict

should state place of imprisonment.—21 Am. & Eng. Ency. Pl. & Pr., p. 528. (4). Record should show presence of the defendant and his counsel at the time of sentence.—*Young v. State,* 39 Ala. 681; *Eliza v. State,* 39 Ala. 693; 21 Am. & En. Ency. 1 ed., p. 1070.

CHAS. G. BROWN, Attorney-General, for the State, Verdict sufficient.—*Evans v. State,* 109 Ala. 11.

McCLELLAN, C. J.—The act of February 15, 1899, amendatory of the act establishing the Tuskaloosa Law and Equity Court (now known as the Tuskaloosa County Court), among other provisions contains this: "No defendant shall be put upon trial for any offense which may be punished capitally, within five months from the time of the commission of the alleged offense, unless the defendant consent thereto" (?) "in writing for a trial within a shorter time." The defendant in this case by a writing signed by himself and also by his counsel before he was put on trial did consent to his trial being entered upon and had on the day upon which it was entered upon and had, and it is of no consequence that the defendant had been arraigned and this day set for his trial before this consent was entered into and filed in the cause.

If it be true, as now contended for appellant, that such written consent can only be made to appear before this court in a bill of exceptions, and that it cannot be looked to here as the case is now presented on the record proper of the trial court though the consent is copied therein, these considerations would not avail the appellant. In the first place he would not be allowed to bring the case here on the record alone, and insist upon a reversal on matter which or the absence of which could only be shown by bill of exceptions; and, in the next, however the cause comes here in this respect and whether this waiver is matter of record or for a bill of exceptions, we would presume in support of the judgment below that the consent required by the statute was entered into unless the contrary affirmatively appeared.

The counsel who represented the defendant in the court below, and who with him signed the written con-

[Sudduth v. .The State.]

sent for the trial to be had within five months after the
alleged commission of the offense, now insists that the
court abused its discretion in putting the defendant on
trial at that time and complains that "three days from
(1) arraignment and appointment of counsel, and (2)
day of trial, with inexperienced counsel, is not reason-
able time to get material witnesses and prepare de-
fense." It is a bit anomalous for this contention to be
urged in this court for the purpose of having us adjudge
that the trial judge abused a' discretion to the end of de-
nying defendant sufficient time to prepare for his trial
when the exercise of his discretion was not only not in-
voked to the allowance of further time, but when to the
contrary the defendant and his counsel of their own mo-
tion expressly and in writing waived the further time
which they had, but for such waiver, under the statute as
a matter of absolute right and expressly consented to a
trial on the day this trial was had. Had the trial court's
discretion been appealed to the appeal would have stood
upon much the same ground as that of the prisoner who
on conviction of the murder of his father and mother
invoked the mercy of the court on the ground that he
was an orphan: And, moreover, of course there could
be no revision even of an abuse of the trial court's discre-
tion as to the time of putting the defendant on trial,
after the waiver above referred .to, in the absence of an
objection on the part of the defendant, the overruling
thereof and the reservation of an exception to the action
of the court. *Walker v. State*, 117 Ala. 85.

The sheriff of Tuskaloosa county is the executive offi-
cer of the county court of that county. An order made
by the court that copy of venire and of indictment be
served on the defendant etc. etc. is an order addressed
to the sheriff. It was so understood in this case, as it
will be in all; and the order was duly executed by the
sheriff.

It has never been the practice in this State for the
judgment entry or other part of the record to show .the
names of the jurors trying a case: the universal formula
has been, "Came also a jury of good and lawful men, to-
wit, A. B. and eleven others" etc. etc. There is no law
requiring the names of the trial jurors to appear of

record, and it is not conceived that any good purpose could be subserved by such a requirement. That the record before us does not show the names of the trial jurors furnishes no ground for reversing the judgment.

The verdict of the jury was this: "We. the jury find the defendant guilty of murder in the first deree, and fix the penalty—imprisonment for life." This is a sufficiently formal and regular verdict. It assesses the punishment at imprisonment for life. It was unnecessary for the *place* of imprisonment to be stated in the verdict: The law fixes that.—*Gunter v. State,* 83 Ala. 96.

It is further insisted that the record does not show that defendant's counsel was present when sentence was passed, and that for this the judgment must be reversed. Pretermitting all other considerations, our conclusion in this connection will be rested upon the fact that the record does sufficiently show the presence of defendant's counsel at the time of sentence. The trial, verdict, judgment and sentence were severally had, returned, rendered and imposed on the same day, August 11th, 1899. The entry of judgment and sentence is in the usual form. In the outset of the entry it is recited: "Came C. B. Verner, acting solicitor, who prosecutes for the State, and also came the defendant, Wess Sudduth, in his own proper person and by his attorney, F. M. Purifoy," etc. etc. setting out the arraignment and plea, the service of copies of venire and indictment, the coming and verdict of the jury, and continuing: "It is therefore considered by the court, and it is the order and judgment of the court that said defendant, Wess Sudduth, is guilty of murder in the first degree as charged in the indictment," and concluding as follows: "Now upon this the 11th day of August, 1899, said defendant being in open court and being asked by the court if he had anything to say why the sentence of the law should not be pronounced upon him says nothing. It is therefore considered" etc. etc. We construe the second reference in the entry to the date of August 11th, 1899, not as marking a break in the continuity of the proceedings between judgment and sentence but, quite to the contrary, as making it the more certain that there was no interim or break, and

[Brunson v. The State.]

demonstrating that the trial and its incidents, from going to the jury down to and including the sentence of the court, was one continuous unbroken proceeding. Upon such state of the record, the recital in the forepart of the entry that the defendant's counsel was present is quite sufficient as an affirmative showing that he was present throughout the proceeding and, of consequence, at the time sentence was pronounced on the defendant. *Snow et al. v. State,* 58 Ala. 372; *Banks and Wood v. State,* 72 Ala. 522.

We may remark further that it would seem to be sufficient for the record to show *by fair inference* affirmatively that the prisoner and his counsel were present; and that even where the record fails to show their presence at time of sentence only, the *judment* will not be reversed but the *sentence* will be set aside and the prisoner remanded for sentence anew.—*Young v. State,* 39 Ala. 357.

In all that we have said we have merely assumed without intending to intimate any opinion thereon that the record should show the presence of his counsel when the defendant is sentenced.

Let the judgment of the county court be affirmed.