(81 South. 366)

### COCKRUM v. STATE. (6 Div. 527.)

(Court of Appeals of Alabama. March 18, 1919.)

1. CRIMINAL LAW ☞1086(12), 1144(11)—REVIEW—PRESUMPTION—PRESENCE OF DEFENDANT—RECORD.

In all felonies, the record must affirmatively show that the defendant was present at the trial, verdict, and sentence; but where these were severally had, returned, rendered, and imposed on the same day, it affirmatively appears by fair inference that there was a continuity of the proceedings, and, it having been affirmatively stated that defendant was present in person and by attorney when the verdict was returned, his continued presence will be presumed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Certiorari denied 202 Ala. 700, 81 South. 892.	[1] 201 Ala. 525.	[2] 201 Ala. 76.

2. **CRIMINAL LAW ☞995(2)—JUDGMENT— ASKING DEFENDANT WHY SENTENCE SHOULD NOT BE PRONOUNCED.**

A judgment for felony, which fails to show that the defendant was asked by the court, if he had anything to say why the sentence should not be pronounced, was erroneous, and the sentence must be set aside; but, the defendant having been present when verdict was returned, the judgment of conviction may stand and defendant be properly sentenced.

3. **BURGLARY ☞34 — EVIDENCE — PROOF OF GOODS THAT WERE IN WAREHOUSE BURGLARIZED.**

In a prosecution for burglary, it is competent to prove what goods or merchandise were in the warehouse burglarized, their description, and value.

4. **CRIMINAL LAW ☞448(1) — EVIDENCE — CONCLUSION.**

It is never error for the court to refuse to permit a witness to testify to a conclusion.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Eli Cockrum was convicted of burglary, and appeals. Affirmed in part, and reversed in part.

E. B. & K. V. Fite, of Hamilton, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

SAMFORD, J. [1] The Supreme Court and Court of Appeals, in Hardley v. State (Sup.) 79 South. 369;[1] Bryant v. State, 13 Ala. App. 206, 68 South. 704; Roberson v. State, 123 Ala. 55, 26 South. 645; Wilkinson v. State, 106 Ala. 23, 17 South. 458; Wright v. State, 103 Ala. 95, 15 South. 506; Gray v. State, 55 Ala. 86; Driggers v. State, 123 Ala. 46, 26 South. 512; and Sudduth v. State, 124 Ala. 32, 27 South. 487—have gone to the extreme limit in upholding judgments of conviction of trial courts where, on account of carelessness or ignorance, the formal allegations have been omitted, and in Sudduth v. State, 124 Ala. at page 37, 27 South. at page 489, it is said:

"It would seem to be sufficient for the record to show by fair inference affirmatively that the prisoner and his counsel were present; and that, even where the record fails to show their presence at time of sentence only, the judgment will not be reversed, but the sentence will be set aside and the prisoner remanded for sentence anew." Young v. State, 39 Ala. 357.

The foregoing was announced in recognition of the rule that in all felonies the record must affirmatively show that the defendant was present at the trial, verdict, and sentence. Sylvester v. State, 71 Ala. 17; Nolan v. State, 55 Ga. 521, 21 Am. Rep. 281; 2 Wharton's Crim. Law, par. 1485.

In the instant case, as in the Sudduth Case, supra, the trial, verdict, judgment, and sentence were severally had, returned, rendered, and imposed on the same day, to wit, December 7, 1917. From this, by fair inference, it affirmatively appears that there was a continuity of the proceedings, and, it having been affirmatively stated that the defendant was present in his own proper person and by attorney, his continued presence will be presumed.

[2] But the judgment fails to show that the defendant was asked by the court if he had anything to say why the sentence of the law should not be pronounced. Being a conviction for a felony, this was error. Bryant v. State, 13 Ala. App. 206, 68 South. 704. And for this error the sentence must be set aside. It appearing affirmatively, however, that the defendant was present at the time the verdict was returned, under the authority of Roberson v. State, 123 Ala. 55, 26 South. 645, and authorities there cited, the judgment of conviction will be affirmed and the cause will be remanded for proper sentence.

[3, 4] The exceptions to the court's rulings on the admission of evidence are without merit. In a prosecution for burglary it is competent to prove what goods or merchandise were in the warehouse burglarized, their description and value, and it is never error for the court to refuse to permit a witness to testify to a conclusion.

In conformity with the above, the judgment of conviction is affirmed, and the cause remanded for proper sentence.

Affirmed in part, and reversed in part.