(97 South. 681)

. WELLS v. STATE. (3 Div. 411.)

(Court of Appeals of Alabama. March 6, 1923. Rehearing Granted July 10. 1923. Rehearing Denied Oct. 16, 1923.)

I. Statutes ⬅️114(6)—Statute penalizing manufacture of liquor not invalid as not expressing subject in title.

Acts 1919, p. 6, § 15. penalizing the manufacture of alcoholic liquors, is not invalid because the subject is not clearly expressed in the title of the act, as required by Const. 1901, § 45.

2. Indictment and information ⬅️72—Indictment with the words "prohibited liquors or beverages" states an offense in both alternatives.

In prosecution for possessing a still, an indictment with the words, "prohibited liquors or beverages," states an offense in both alternatives, the word "prohibited" qualifying both liquors and beverages.

3. Intoxicating liquors ⬅️209—Indictment for possessing still, apparatus, appliance, or device or substitute therefor, not defective.

An indictment for possessing a still is not defective for using the words "apparatus, appliance, or any device or substitute therefor."

4. Criminal law ⬅️811(5)—Instruction properly refused as singling out evidence.

An instruction that sheriff would receive $50 in case of conviction, and that fact that witness was deputy sheriff might be looked to in weighing his evidence, was properly refused, as singling out a part of the evidence.

5. Criminal law ⬅️1124(1)—Motion for new trial not in bill of exceptions not reviewed.

A motion for a new trial, not being incorporated in the bill of exceptions, cannot be reviewed.

On Rehearing.

6. Criminal law ⬅️995(2)—Judgment entry insufficient to imply a valid adjudication of defendant's guilt.

Where the only language in the judgment relating to an adjudication of guilt of the defendant was statement that the court sentenced the defendant to serve a specified sentence. it was insufficient to imply a valid adjudication of defendant's guilt and to sustain a conviction on appeal.

7. Criminal law ⬅️995(1)—Judgment entry to be valid must be an actual judgment, conveying the sentence of the law, as distinguished from a memorandum.

An entry of judgment, to be valid, must be an actual judgment, conveying the sentence of the law as distinguished from a mere memorandum that a judgment had been or would be rendered.

8. Courts ⬅️91(1)—Court of Appeals is required to follow an opinion of the Supreme Court.

The Court of Appeals is required to follow the opinion of the Supreme Court in similar cases under the statute.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Foster Wells was convicted of possessing a still, and he appeals. Reversed and remanded on rehearing.

The charges were refused to defendant:

"B. The court charges the jury that, if you believe the evidence, you cannot convict the defendant under the second count in the indictment.

"C. The court charges the jury that, if you believe the evidence in this case, you cannot convict the defendant under the third count of the indictment.

"D. The court charges the jury that, if you believe the evidence, you must find for the defendant.

"G. The court charges the jury that, if they believe the evidence in this case, they should find the defendant guilty under first count of the indictment and assess the fine at not less than $50 nor more than $500.

"T. The court charges the jury that, if you believe the evidence in this case, the sheriff will receive the sum of $50 in the event of a conviction, and you may look to the fact that J. V. Andrews is deputy sheriff, weighing his evidence."

E. C. Page, of Evergreen, Powell & Hamilton, of Greenville, and Hybart & Hare, of Monroeville, for appellant.

Counts 2 and 3 of the indictment charge offenses in the alternative, and are defective. Danner v. State, 54 Ala. 127, 25 Am. Rep. 662; Jones v. State, 136 Ala. 123, 34 South. 236; Raisler v. State, 55 Ala. 64; Neely v. State, 207 Ala. 585, 93 South. 382. Section 15 of Acts 1919, p. 16, violates section 45 of the Constitution, providing that each law shall contain but one subject. Lindsay v. U. S.

Sav. & Loan Ass'n, 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; Ballentyne v. Wickersham, 75 Ala. 533. A misdemeanor and felony may not be joined in the same indictment. Stevens v. State, 156 Ala. 119, 47 South. 208; James v. State, 104 Ala. 20, 16 South. 94; Lucas v. State, 144 Ala. 63, 39 South. 821, 3 L. R. A. (N. S.) 412; Adams v. State, 55 Ala. 143. It is necessary that the judgment entry show an adjudication of guilt and sentence by the court on the verdict of the jury. Wright v. State, 103 Ala. 95, 15 South. 506; Nichols v. State, 100 Ala. 23, 14 South. 539; Ayers v. State, 71 Ala. 11.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The indictment is in the language of the statute, and is sufficient and not demurrable. Bolton v. State, 18 Ala. App. 124, 90 South. 50; 8 Mich. Ala. Dig. 628; 14 Mich. 163; Neely v. State, 18 Ala. App. 565, 93 South. 382. The act under which the indictment is found is constitutional. Brodgen v. State, 18 Ala. App. 56, 88 South. 366; Ricketts v. State, 18 Ala. App. 162, 90 South. 137; Bolton v. State, supra. If there is not sentence or judgment, there can be no appeal; and the appellate court, acquiring no jurisdiction, can only enter an order of dismissal. Code 1907, § 6244; Yates v. State, 18 Ala. App. 435, 93 South. 62; 1 Mayf. Dig. 47.

SAMFORD, J. The indictment was in three counts. The first count charged that defendant manufactured prohibited liquor, etc., and the second and third that he possessed a still. The conviction was under the second and third counts, which operated as an acquittal under the first count. It will therefore not be necessary to notice any of the rulings of the court relating solely to the charge under the first count.

[1] The contention is made that there was a misjoinder of counts, in that counts 2 and 3 charged a felony under acts of the Legislature 1919, p. 1086, and that count 1 charges a misdemeanor under Acts 1915, pp. 2, 3, §§ 3, 4; it being insisted that section 15 of the Acts 1919, p. 6, is void as being in violation of section 45 of the Constitution of 1901. This court has already passed upon this question adversely to appellant's contention. Shoemake v. State, 17 Ala. App. 461, 86 South. 151.

Under the third count of the indictment, as it appeared in the original record, the word "prohibited" had been omitted, which would have rendered the count defective and subject to demurrer, but the return to the certiorari corrects this omission, and therefore the discussion of this contention in appellant's brief will be omitted.

[2] It is contended by appellant that the expression "prohibited liquors or beverages" as used in the indictment, makes the indictment fatally defective, in that it does not state an offense in both alternative aver-ments. This point has been decided adversely to appellant's contention. The word "prohibited" qualifies both "liquors" and "beverages" as used in the indictment. Ex parte State ex rel. Attorney General, 207 Ala. 585, 93 South. 382.

[3] There is no merit in the further contention of defendant that the indictment is fatally defective in using the words, "apparatus, appliance, or any device or substitute therefor," in addition to charging the possession of a "still." We have many times held this form of indictment to be sufficient. Barnes v. State, 18 Ala. App. 344, 92 South. 15; Reese v. State, 18 Ala. App. 357, 92 South. 77.

[4] There was conflict in the evidence, and therefore charges B, C, and D were properly refused. Charge G is predicated on the first count, of which charge defendant was acquitted. Charge T singles out a part of the evidence, and for that reason is bad.

[5] The motion for a new trial, not being incorporated in the bill of exceptions cannot be reviewed. Stover v. State, 204 Ala. 311, 85 South. 393.

There is no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

BRICKEN, P. J. I am of the opinion that the rehearing should be granted as the purported judgment entry is a mere recital by the clerk, and there is no adjudication of guilt by the court, nor is there anything in said purported judgment from which it could be implied. I base my opinion upon the following facts:

[6] The judgment entry shows a formal judgment of the court below overruling the demurrers to the indictment, the words used being, "It is ordered, adjudged, and decreed by the court," etc. The judgment sets out the verdict of the jury finding the defendant guilty. There was no formal adjudication of the defendant's guilt following the verdict of the jury. The only language in the judgment relating to an adjudication of guilt or sentence of the defendant is as follows:

"And the defendant being asked what he had to say why the sentence of the law should not be imposed upon him, thereupon the court sentenced the defendant to serve the sentence in the penitentiary for an undeterminate period of not less than 15 months nor more than 30 months."

In my opinion the above recital of the minutes made by the clerk is insufficient to imply a valid adjudication of the defendant's guilt, and that it is insufficient on appeal to sustain the conviction. The authorities relied on to sustain the majority opinion are Ex parte Roberson, 123 Ala. 103, 26 South. 645, 82 Am. St. Rep. 107; Talbert v. State, 140 Ala. 96, 37 South. 78; Hardaman v.

State, 17 Ala. App. 49, 81 South. 449; same case on certiorari, Hardaman v. State, 202 Ala. 694, 81 South. 656.

An examination of the authorities above referred to will show that the sentences imposed are materially different in language from the sentence under discussion. It is true that the courts hold that a valid judgment will be implied where there is a valid sentence. In each of the cases referred to there was a valid sentence in proper form fixing the punishment, and such language was used as to show a valid sentence.

In the case of Ex parte Roberson, 123 Ala. 103, 26 South. 645, 82 Am. St. Rep. 107, the sentence of the court was as follows:

"That the defendant be and he hereby is sentenced to be confined in the state penitentiary for a term of twenty-five months as a punishment for said offense."

In the case of Talbert v. State, 140 Ala. 96, 37 South. 78, the sentence of the court was in the following language:

"It is therefore considered and adjudged by the court, and it is the sentence of the court, that on Friday, the 8th day of January, 1904, the defendant, the said Willie Talbert, be taken from the jail of Marengo county to the scaffold to be erected, and between the legal hours, and hanged by the neck until he is dead."

It will be observed that in each of the above cases there was a formal pronouncement of the sentence by the court. In the case of Hardaman v. State, 17 Ala. App. 51, 81 South. 451, the sentence was in the following language:

"Whereupon came a jury of good and lawful men, to wit, A. Davidson and eleven others, who, being duly sworn and impaneled according to law, upon their oaths do say: 'We, the jury, find the defendant guilty of manslaughter in the first degree as charged, and fix the punishment at three years in the state penitentiary.'"

In upholding this sentence, the court said:

"While this judgment entry is lacking in recital evincing a solemn adjudication of the court on the verdict of the jury, and a pronouncement of the sentence of the law as a punishment for the offense, and is therefore erroneous (Gray v. State, 55 Ala. 86; Wright v. State, 103 Ala. 95, 15 South. 506), still it clearly appears that this entry was intended to record such adjudication, and is sufficient to support an appeal."

The theory upon which the verdict of the jury was a sufficient adjudication is that it was set out in the minutes of the court and was a case of homicide, where the jury, under the statute, and not the court, had the power to fix the punishment by their verdict. The jury having this power and having fixed the punishment, such sentence and adjudication was held sufficient by being entered on the minutes. The above is the only theory upon which the sentence could have been held sufficient.

The decision in the Hardaman Case is not inconsistent with the contention that the judgment and sentence are insufficient.

[7] There are certain requisites of a judgment which cannot be dispensed with. The entry must purport to be an actual judgment conveying the sentence of the law as distinguished from a mere memorandum, note, or recital that a judgment had been, or would be, rendered. 1 Black on Judgments, § 115, p. 124. As sustaining this proposition the authority above cited quotes the following from Miller v. B. & M. R. Co., 7 Neb. 227:

"This cause coming on to be heard on the demurrer to the plaintiff's petition heretofore filed, the court, after hearing the argument of counsel thereon, and after due consideration sustained said demurrer and rendered judgment for the defendant, and against the plaintiff, for the costs of the action taxed at $11.20."

It was held that this was no judgment being a mere recital that one had been rendered for the costs. 1 Black on Judgments, § 115, p. 125. But the question has been expressly decided in the case of Gray v. State, 55 Ala. 87. The judgment of the court, as set out in the record, was as follows:

"On this day, November 10, 1876, came the solicitor for the state, and also came the defendant in person, in the custody of the sheriff, and also by him counsel; and the defendant being asked by the court if he had anything to say why the sentence of the law should not now be pronounced upon him, said nothing; whereupon, the court sentenced the defendant to be hanged by the neck until he is dead."

In the case at bar the language of the minute entry is as follows:

"And the defendant being asked what he had to say why the sentence of the law should not be imposed upon him thereupon the court sentenced the defendant to serve the sentence in the penitentiary for an indeterminate period not less than 15 months nor more than 30 months."

The language in both cases is almost identical, except that in the case at bar there is nothing to show what, if anything, the defendant said when asked if he had anything to say why the sentence of the law should not be imposed upon him.

In discussing the sufficiency of the judgment and sentence in the Gray Case, supra, Brickell, C. J., for the court said:

"To support the sentence, the record must disclose an observance of the statute. It must appear affirmatively, as the act of the court pronouncing the sentence of the law that the defendant was adjudged to death. The sentence is not the act of the court; it is the judgment of the law the court is commanded to pronounce. * * * The material defect in the record is, not the omission of these particular words but of any words accurately expressing the idea they are intended to convey. The

clerk recites: 'Whereupon, the court sentenced the defendant to be hanged by the neck until he is dead.' This is the recitation by the clerk of what the court did—not the consideration and expression by the court of the sentence of the law. It imports that the sentence was the act, the judgment of the court, and not the act, the judgment of the law—expressing the idea which it is intended shall be excluded. · We are unwilling, in a case of this character, to countenance such a gross departure from established forms, and to recognize as the solemn sentence of the law that which, strictly construed, is a mere memorandum of a ministerial officer, narrative of, but not contemporaneous with, the transaction to which it refers."

[8] In the opinion above cited, Chief Justice Brickell held that there was no error in the record other than that above pointed out. If the opinion of the Supreme Court of Alabama in the above case is to be followed, and under the statute this court is required so to do, there can be no question but what the judgment and sentence in the case at bar is insufficient. This opinion in the Gray Case has never been overruled. It is not in conflict with the other decisions above referred to on the point here presented.

For these reasons I am constrained to differ with my Associates in the opinion on rehearing. As stated, it is clear to my mind that the application for rehearing should receive favorable consideration by this court, and the rehearing should be granted.

The foregoing opinion, on rehearing, was prepared by BRICKEN, P. J., as a dissenting opinion, but is now concurred in by the whole court, and, as a result, the application for rehearing will be granted, the judgment appealed from reversed, and the cause remanded.

All Judges concur.
Application granted.
Reversed and remanded.