(109 So. 553)

## McMAHAN v. STATE.  (7 Div. 194.)

(Court of Appeals of Alabama.   Sept. 7, 1926.)

**I. Criminal law** ⬥995(2).

In prosecution for seduction, judgment entry not expressing adjudication of guilt as required by statute *held* erroneous.

**2. Criminal law** ⬥989.

In felony cases, failure of court to ask defendant whether he had anything to say why sentence should not be passed, being error to sentence only, *held* in itself not reversible error.

**3. Seduction** ⬥44.

In prosecution for seduction, admission of testimony of prosecutrix as to subsequent acts of sexual intercourse with defendant *held* prejudicial error.

**4. Seduction** ⬥40.

In seduction trial, admission of testimony of prosecutrix as to paternity of child, clearly not result of seduction, *held* error.

**5. Seduction** ⬥40.

In prosecution for seduction, where child is the fruit of seduction, paternity of child is admissible only to corroborate prosecutrix as to time of seduction and fact of intercourse.

**6. Criminal law** ⬥419, 420(11).

In prosecution for seduction, admission of testimony of prosecutrix as to conversation with mother and on another occasion with doctor, in absence of defendant, *held* error.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Loyd McMahan was convicted of seduction, and he appeals. Reversed and remanded.

E. O. McCord & Son, of Gadsden, for appellant.

There is no sufficient judgment. Wells v. State, 19 Ala. App. 403, 97 So 681. What transpired after the seduction, with reference to intercourse, was irrelevant and inadmissible. Davis v. State, 18 Ala. App. 482, 93 So. 269; Maske v. State, 19 Ala. App. 75, 95 So. 204; Thorne v. State, ante, p. 57, 105 So. 709.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The judgment is valid. Carmichael v. State, 213 Ala. 264, 104 So. 638. Testimony that prosecutrix gave birth to a child, and profert of the child, were corroborative of the prosecutrix. It was permissible for her to testify defendant was the father of the child. Tarver v. State, 17 Ala. App. 424, 85 So. 855; Thorne v. State, ante, p. 57, 105 So. 709.

BRICKEN, P. J. [1, 2] The first insistence upon this appeal is that the judgment entry is erroneous. There is merit in this insistence as will hereinafter be noted. The judgment contained in this record, and many others of like import which are here submitted, induces us to reiterate what was said upon this subject by the Supreme Court in

the case of Driggers v. State, 123 Ala. 46, 26 So. 512. In that case the court said:

"The judgment entry in all criminal cases where there is conviction should recite in express words that the defendant is adjudged guilty by the court as found by the jury. There should always be the judgment of the court upon his guilt. In many cases, the judgment entries in this respect are faulty and more attention should be paid by the clerks and judges of nisi prius courts to this important feature. The essential requisites which such judgment entries should contain have been so often pointed out and suggested by this court it would seem that every clerk and judge in the state would know what they are. And it would seem that a compliance with these suggestions is a matter so simple, that all errors in this respect could easily be avoided. Besides, it is a matter of too much importance and a duty too clearly imposed by law that the mistake should so frequently occur. It can be accounted for upon no other theory than that the clerk who writes the minute entry is either incompetent or very careless in the discharge of his duties, and the presiding judge fails to read or have the minutes read as he is required by the statute to do."

The conviction of this appellant was for seduction, a felony, and the court imposed an indeterminate term of imprisonment in the penitentiary for not less than seven years nor more than ten years. In the judgment entry there appears no adjudication of guilt, as the law expressly requires, except such as might be implied from the sentence imposed. Carmichael v. State, 213 Ala. 264, 104 So. 638. Nor does the purported judgment show that the defendant was asked by the court whether he had anything to say why the sentence of the law should not be pronounced against him. The conviction of this defendant, as stated, was for a felony, and the failure to propound this question when passing sentence in cases of felony is erroneous. Crim et al. v. State, 43 Ala. 53; Mullen v. State, 45 Ala. 43, 6 Am. Rep. 691; Johnson v. State, 47 Ala. 9, 30; Gray v. State, 55 Ala. 86; Spigner v. State, 58 Ala. 421; Boynton v. State, 77 Ala. 29. The error occasioned by the failure of the court to propound the above question does not of necessity require a reversal of the judgment of conviction in which event a retrial of the case would follow. The error in this respect is as to the sentence only, and, if no reversible error appears, the case would be remanded for resentence only, the object being to place the case before the trial judge for correct action beginning at the point of his erroneous departure. Frazier v. State, 17 Ala. App. 486, 86 So. 173; Ex parte Robinson, 183 Ala. 30, 63 So. 177; Wells v. State, 19 Ala. App. 403, 97 So. 681 (on rehearing, page 682).

On the trial of this case numerous exceptions were reserved to the rulings of the court, and are here urged as error.

The issues involved upon a trial for the offense of seduction and the rule of evidence governing such trial differ in a marked degree from the trial of a case wherein the statutory offense of bastardy is involved. It appears to this court that this trial proceeded below as if the charge had been bastardy instead of seduction. The trial judge seems to have taken this view, and as a result of his rulings the case is replete with error.

[3] The prosecutrix, Ida Lankford, testified to the effect that the alleged seduction occurred at Morris schoolhouse in Etowah county, after the prayer meeting held on the second Sunday night in August, 1923. Evidence of subsequent acts of sexual intercourse between the parties was not revelant or admissible and should not have been allowed. In other words, acts of sexual intercourse by the parties subsequent to a seduction are inadmissible, and it is prejudicial error to admit evidence thereof.

[4, 5] The prosecutrix. was permitted to testify that she gave birth to a child, and as it clearly appeared that such child was the result of cohabitation subsequent to the alleged act of sexual intercourse constituting the seduction complained of, this evidence was also irrelevant, immaterial, and inadmissible. Defendant's objections to the questions by solicitor, "I will ask you to state to the jury, Miss Ida, if that is your baby"; also, "Now then, is he the father of that child?" should have been sustained. The paternity of a child is immaterial in a prosecution for seduction, unless it is the fruit of the seduction, and then only for the purpose of corroborating the prosecutrix as to the time of the seduction and as to the fact that she has had sexual intercourse.

[6] Likewise it was error to allow prosecutrix, over the objections of defendant, to testify relative to alleged conversations between witness and her mother, also upon another occasion, between witness and the doctor, about her missing her menstrual periods, etc., and what the doctor told her relative to her condition. The defendant was not present at any of the alleged conversations, and it is elementary that his case should not have been thus burdened. Likewise, prosecutrix's complaint to her mother in this respect should not have been allowed.

Several other questions are presented, but upon another trial will probably not arise. We therefore refrain from discussing them, as the judgment of conviction from which this appeal was taken must be reversed and the cause remanded because of the numerous errors indicated.

Reversed and remanded.