140 So. 180

## OLIVER v. STATE.
### 7 Div. 909.

Court of Appeals of Alabama.
March 1, 1932.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The defendant was convicted on a charge of unlawfully possessing a still, which under our law is a felony. Upon a return of the jury finding the defendant guilty under the second count of the indictment which charged the unlawful possession of a still, the following appears in the minute entry of the court: "It is therefore ordered by the Court that the defendant be sentenced to hard labor in the penitentiary for a period of not less than one year and not more than one year and thirty days—Deft. Appeals, sentence suspended pending appeal. Bond fixed at $1500.00."

The appellate courts of this state have been extremely liberal in upholding informal judgments of nisi prius courts, as was pointed out in this court in Cockrum v. State, 17 Ala. App. 30, 81 So. 366. It has also been held that where the attempted judgment was error, but clearly appears to be intended as an adjudication, such entry will support an appeal. Hardaman v. State, 17 Ala. App. 49, 81 So. 449.

There are still, however, certain formalities required in final judgments in criminal cases which are still required to be complied with and when omitted calls for either a reversal of the cause or a remandment for sentence.

■ Where the judgment of conviction is erroneous and not sufficient to sustain the sentence, the cause must be reversed. If the error is in the sentence alone, the judgment of conviction may be affirmed and the cause remanded for proper sentence. Hardaman's Case, supra: Cockrum v. State, 17 Ala. App. 30, 81 So. 366; McMahan v. State, 21 Ala. App. 522, 109 So. 553.

■■ One of the requirements still obtaining and necessary to a valid judgment is that there must be a solemn adjudication of guilt. In this connection we call especial attention to the opinion in McMahan's Case, 21 Ala. App. 522, 109 So. 553, wherein is quoted a part of the opinion of the Supreme Court in Driggers v. State, 123 Ala. 46, 26 So. 512; Pearson v. State, 148 Ala. 670, 41 So. 733. Another requirement is that in all felony cases the defendant must be present in court at the time of sentence and must be asked if he has anything to say why the sentence of the law should not be pronounced upon him, and to constitute a valid judgment these facts must appear in the minute entry of the judgment. Coleman v. State, 20 Ala. App. 120, 101 So. 81; Shepard v. State, 20 Ala. App. 627, 104 So. 674; Wells v. State, 147 Ala. 140, 41 So. 630; Wells v. State, 19 Ala. App. 403, 97 So. 681.

■ The judgment is erroneous, in that there is no formal adjudication of guilt; it does not affirmatively appear that the defendant was present at the time verdict was rendered and sentence imposed; it does not appear that the defendant was asked by the court if he had

anything to say why the sentence should not be imposed. Melton v. State, 224 Ala. 152, 139 So. 87, 142 So. 659.

 Up to and including the verdict of the jury finding the defendant guilty, there appears no reversible error, but the recitals in the minute entry after that will not support a sentence to the penitentiary. If upon a further consideration of the case there should be found sufficient record evidence to support a judgment nunc pro tunc, a retrial on the facts would not be necessary. See Code 1923, §§ 7854 and 7855; Gardner v. State, 21 Ala. App. 388, 108 So. 635; State v. Williams, 21 Ala. App. 427, 109 So. 177.

For these reasons the judgment is reversed, and the cause is remanded.

Reversed and remanded.