153 So. 664

## BUCHANAN v. STATE.

7 Div. 983.

Court of Appeals of Alabama.

March 20, 1934.

M. J. Witt, of Anniston, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted for the offense of murder in the first degree. He was duly tried and convicted of the offense of manslaughter in the first degree. His punishment was fixed at "eight years (imprisonment) in the State penitentiary."

The state's testimony tended to show that appellant, without sufficient legal cause or justification, grievously cut with a knife, so that he died as the proximate result of the wound thus inflicted, one Will Haynes.

The testimony of the witnesses for the defense—appellant himself not testifying—was to an opposite effect, in two ways: First, it tended to refute the assertion that appellant cut deceased at all; next, it tended to show that, if he did cut deceased, the cutting was done under such circumstances as that the law would exculpate him, on his plea of self-defense.

In this latter aspect there was violent conflict in the testimony; that for the appellant apparently (to us) outweighing that for the state. But all the issues raised were properly submitted to the jury, whose verdict we are not called upon to in any way consider.

■ It was entirely within the trial court's discretion to allow the testimony of the witness Borders to be given in rebuttal, though same could have been, and, regularly, should have been, adduced in making out the state's case, in the first instance. Lambert v. State, 208 Ala. 42, 93 So. 708. We discover no abuse of this discretion in the action noted.

All other rulings of the court to which exceptions were reserved, on the taking of testimony, have been carefully examined. Nothing new, novel, or intricate is involved in any of same. None of them, obviously, were prejudicially erroneous.

The trial court's accurate and explicit oral charge, in connection with the unusually large number of written charges given at appellant's request, conveyed to the jury, in our opinion, every possible phase of the applicable law.

The case appears to have been carefully tried, with every required safeguard thrown around the rights of appellant.

We have, we think, fully discharged the duty resting upon us (Code 1923, § 3258), but discover nowhere a prejudicially erroneous ruling. The judgment of conviction is affirmed.

■ The defendant was, in pursuance to the verdict, etc., sentenced to be imprisoned in the penitentiary, etc., "for a term of not less than eight years." This action of the court was erroneous.

The cause will be remanded for a proper sentence. Cockrum v. State, 17 Ala. App. 30, 81 So. 366.

Judgment of conviction affirmed; remanded for proper sentence.