190 So. 102

**BLAKELY v. STATE.**

**4 Div. 493.**

Court of Appeals of Alabama.
June 7, 1939.

Rehearing stricken June 20, 1939.

A. L. Patterson and W. R. Belcher, both of Phenix City, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was indicted for the offense of. robbery. The indictment charged that he feloniously took $17 lawful money of the United States of America, the personal property of Dock Hutto, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same.

The trial in the lower court resulted in the conviction of the defendant and the jury by its verdict fixed his punishment for fifteen years, and thereupon what purports to be a judgment of the court below was entered upon the Minutes of the court, and from which this appeal was taken.

Appellant, in his brief, assigns as error, the rulings of the court below refusing to permit him to introduce certain testimony, and also in refusing to give written charge number 5. He also contends that the final judgment of said court is erroneous and wholly insufficient to justify his imprisonment in the penitentiary of this State.

The offense charged in the indict-. ment being a capital offense, the judgment entry in this case recites that the defendant was arraigned in the court below on No-

vember 15, 1938, and- that he thereupon interposed his plea of not guilty; that .Monday, November 21, 1938, was fixed by the court as the day for the trial of the defendant; that the venire of jurors for the trial shall be 81 in number and consisting of the 50 jurors drawn to serve the court for the week, beginning November 21, 1938, and 31 jurors whose names were drawn specially from the jury box in the presence of the defendant; that the Sheriff serve notice on all the jurors composing the venire to appear for the purpose of said trial at the time named, and that the Sheriff also serve forthwith upon the defendant a list of the names of all the per-. sons composing the venire of jurors, as well as a copy of the indictment against the defendant. In other words, the judgment entry recites that the court below complied with the provisions of sections 5568 and 8644 of the Code 1923, which provisions are mandatory. Barnett v. State, 28 Ala.App. 293, 184 So. 702; Crump v. State, 28 Ala.App. 103, 179 So. 392.

No question with reference to the venire of jurors drawn and summoned for the trial of the defendant's case in the court below appears to have been raised in that court, nor does it appear that the defendant made any complaint in the lower court that he was not served with a copy of the venire of jurors together with a copy of the indictment upon which he was to be tried.

The judgment entry, as we have noted, sets out the arraignment of the defendant on November 15, 1938. Said judgment entry then proceeds and concludes as follows:

· "November 24, 1938. This cause coming on to be heard, comes the State by its Solicitor and comes also the defendant in his own proper person and attended by his Counsel. The defendant upon being properly arraigned upon the indictment in this cause for answer pleads not guilty. Issue being joined, thereupon comes a jury of 12 good and lawful men, to-wit: Walter G. Robertson and 11 others, who having heard all the evidence offered upon the trial of this case, both for the State and the defendant, argument by counsel and the charge of the Court, do, on their oaths say,

" 'We, the jury, find the defendant guilty of robbery and fix his sentence at fifteen years.

" '(Signed) W. G. Robertson, Foreman.'

"The defendant is adjudged guilty and stating in open Court in response to an inquiry propounded by the Presiding Judge that he had nothing to say why the sentence of the Court should not be pronounced upon him is sentenced to imprisonment in the penitentiary for a period of fifteen years.

"The defendant gives notice of an appeal, but does not pray a suspension of the sentence pending the appeal, electing to begin the execution of the sentence.
"(Signed)   J. S. Williams, Judge."

In the case of Bill Carroll v. State, Ala. App., 189 So. 219,[1] this court passed upon the legality and sufficiency of the final judgment of the circuit court of Russell County there before us. The offense charged in the Carroll case was robbery, and the judgment there involved is practically identical with the judgment in the case at bar, except as to the length of the punishment fixed by the jury. In the Carroll case it was said: "The judgment entry merely shows the verdict of the jury and the court Clerk's conclusion that the defendant was adjudged guilty by the trial court and the Clerk's conclusion, also, that the defendant was sentenced to imprisonment in the State penitentiary for a period of ten years. This judgment entry was wholly insufficient. It shows neither a solemn adjudication of the guilt of the defendant, nor the formal and necessary imposition of the sentence of the law as punishment for the offense." ·

█ It is apparent, from what was said in the Carroll case, that the judgment set out in the record in the case at bar is not the formal and necessary adjudication of the guilt of the defendant by the trial court, and while it is probably sufficient to support this appeal, Hardaman v. State, 17 Ala.App. 49, 81 So. 449; Oliver v. State, 25 Ala.App. 34, 140 So. 180, it is illegal and erroneous and wholly insufficient to warrant or sustain the imprisonment of appellant in the penitentiary of this State.

In the case of Oliver v. State, supra, the sufficiency of the judgment there involved was before this court for consideration, and it was there said:

"The appellate courts of this state have been extremely liberal in upholding informal judgments of nisi prius courts, as was pointed out in this court in Cockrum v. State, 17 Ala.App. 30, 81 So. 366. It

---

[1] Ante, p. 516.

has also been held that where the attempted judgment was error, but clearly appears to be intended as an adjudication, such entry will support an appeal. Hardaman' v. State, 17 Ala.App. 49, 81 So. 449.

"There are still, however, certain formalities required in final judgments in criminal cases which are still required to be complied with and when omitted calls for either a reversal of the cause or a remandment for sentence.

"Where the judgment of conviction is erroneous and not sufficient to sustain the sentence, the cause must be reversed. If the error is in the sentence alone, the judgment of conviction may be affirmed and the cause remanded for proper sentence. Hardaman's case, supra; Cockrum v. State, 17 Ala.App. 30, 81 So. 366; Mc-Mahan v. State, 21 Ala.App. 522, 109 So. 553.

"One of the requirements still obtaining and necessary to a valid judgment is that there must be a solemn adjudication. of guilt. In this connection we call especial attention to the opinion in McMahan's case, 21 Ala.App. 522, 109 So. 553, wherein is quoted a part of the opinion of the Supreme Court in Driggers v. State, 123 Ala. 46, 26 So. 512; Pearson v. State, 148 Ala. 670, 41 So. 733."

The case of Presley v. State, 22 Ala.App. 167, 113 So. 485, 486, where this court also considered the sufficiency of the judgment of conviction, it was said: "In the case of Wells v. State, on rehearing, 19 Ala.App. 403, 97 So. 681, many of the decisions of this court and of the Supreme Court bearing on these questions were collated and discussed. There it was pointed out that *the recitals of the clerk as to what took place were not adjudications by the court.*"

The case of Wright v. State, 103 Ala. 95, 15 So. 506, is one where our Supreme Court considered the sufficiency of the recitals of a criminal judgment, and it was there said: "It requires neither argument nor citation of authorities to show that this statement is wholly inoperative as a judgment. It seems to be no more than a mere repetition of the entries by the court upon a trial docket,—data for the judgment."

When this case was submitted in this court a duly certified copy of the bench notes, entered by the trial judge upon the trial docket in this case in the court below, sent here in response to certiorari from this court, was filed. as a part of the transcript in this case. A comparison of the judgment of conviction, set out in the transcript, with these bench notes shows that the Clerk of the court below has simply copied the bench notes entered upon the trial docket by the presiding judge of the lower court upon the minutes of that court as the final judgment in the case. These bench notes do not constitute the formal adjudication by the court of the guilt of the defendant; they do not compose the formal and necessary imposition of the sentence of the law by the court upon the defendant as punishment for the offense with which the defendant was charged.

It may not be amiss to say that Section 10125, Code 1923, requires that the minutes of the court must be. read each morning in open court, and that of and concerning this statute our Supreme Court, in the case of Briggs v. Tennessee Coal, Iron & R. Co., 175 Ala. 130, 138, 57 So. 882, 885, has said: "The contrary not appearing, public officers are presumed to do their duty, and section 5732 of the Code of 1907 requires that the minutes must be read each morning in open court. The obvious purpose of this wise and highly important statute was to enable the trial court to check up the minutes, and see that they were correctly entered in conformity with the bench notes, or that one or both should be corrected, if not correct, while the facts and proceedings were fresh upon the minds of the court and counsel."

All of the above cited cases are pertinent. to the case at bar. They say what they mean and they mean what they say.

The judgment appealed from is error, and for this error this cause must be reversed and remanded.

The transcript, or record, in this case was filed in this court on March 25, 1939, and was due to be submitted upon the call of the 4th Division, of this court, on March 30, 1939, when counsel for appellant appeared in this court and requested that the submission of said case be passed to the call of the 8th Division, on May 18, 1939, which was done, there being no objection upon the part of the State. On May 17, 1939 appellant filed his brief in this court, upon which the submission of the case was to be had. A copy of appellant's brief was that day delivered to the Attorney General, who appears for the State. On May 18, 1939,

this cause was submitted on briefs in this court. On May 26, 1939, counsel for State, filed a motion in this court in which it is alleged that the State, "desires an opportunity to amend the judgment of the lower court, nunc pro tunc.

■ This court can deal only with the record as filed by appellant and submitted in this court. Said record was in this court from March 25, 1939, the date of its filing, to May 18, 1939, when the submission was had thereon, and was at all times accessible. If this record was not complete and true, both the appellant and appellee had ample and complete remedies to complete said record. Garrett v. State ex rel. Matthews, 235 Ala. 457, 179 So. 636.

■ Appeals in this State are regulated by statute, and in the absence of express statutory provisions, when an appeal is taken and perfected from any court to a higher court, the jurisdiction vests at once in the higher court and such appeal divests the court, from which it is taken of all jurisdiction. Green v. State, 21 Ala.App. 201, 106 So. 683. Furthermore, incorrect judicial action is not the subject of correction by a judgment nunc pro tunc entered at a subsequent term. Lewis v. State, 10 Ala.App. 31, 64 So. 537, and cases therein cited.

■ The power to amend nunc pro tunc is not revisory in its nature, and is not to be directed to the correction of judicial errors. This power is not the means of modifying or enlarging a judgment, or a judgment record, so that it will express something which the court did not pronounce, even though the proposed amendment embraces matter which ought clearly to have been pronounced. However erroneous the express judgment of a court may be it cannot be corrected at a subsequent term of the court, nor can a judgment be entered where none has been rendered. Gardner v. State, 21 Ala. App. 388, 108 So. 635, and cases cited.

The motion to set aside the submission is overruled and denied.

We do not pass upon other insistences of error urged by appellant. These questions may not arise upon another trial of this case.

We note from the record that the appellant has begun to serve an alleged sentence of imprisonment in the pentitentiary for a term of fifteen years, inasmuch as he did not pray for or obtain a suspension of said sentence when he took his appeal to this court, but elected to begin serving said alleged sentence, and is now imprisoned, under said alleged judgment and sentence in the penitentiary.

■ The judgment of the lower court, as stated, is no sufficient legal justification for the imprisonment of appellant in the penitentiary of this State. If he was under a bail bond, and not in custody, at the time of his trial in the court below, then the clerk of that court should issue notice to the penitentiary authorities to release the said Homer Blakely from imprisonment in the penitentiary of this State, his bail bond heretofore given and approved being deemed sufficient security for his appearance in the lower court at the next term thereof, and from term to term thereafter to answer, upon another trial, the indictment for robbery there pending against him and until discharged by law. If he was not under a bail bond at the time of his trial in the court below, then the clerk of said court should issue a notice to said penitentiary authorities to return said Homer Blakely to the custody of the Sheriff of Russell County, Alabama, to be held and confined by the said Sheriff until the said Blakely shall give a good and sufficient bail bond, conditioned as approved and in such sum as provided by law.

Reversed and remanded.

## On Rehearing.

### PER CURIAM.

■ To grant the State's motion to set aside the submission of this appeal would entail a delay in its final submission for at least six months. This appellant is in the penitentiary serving what appears to be an illegal sentence. To grant a delay and a continuation of this sentence appears to be unwarranted. This court recently denied a similar motion at the instance of an appellant in the case of Andrew Wilkins v. Wm. H. Holcombe, Sheriff, etc., 190 So. 101. Rules of practice should be administered equally as to all parties litigant.

■ Appellant has filed in this court his motion to strike appellee's application for rehearing. The grounds of said motion appear to be well taken, and the numerous authorities cited in support thereof are in point.

The opinion is corrected and extended, and the application for rehearing is stricken.

Opinion corrected and extended. Application stricken.